UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. 03-CV-12497-NG

| | |
|---|---|
| PREMIER CAPITAL, LLC<br>    Plaintiff,<br><br>v.<br><br>BEVERLY JOHNSON PENZELL,<br>d/b/a Law Office of Kris E. Penzell<br>and BEVERLY JOHNSON<br>PENZELL, as Personal<br>Representative of the Estate of<br>Kris E. Penzell<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT BEVERLY JOHNSON PENZELL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The Defendant, Beverly Johnson Penzell ("Ms. Penzell") moves pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss the Complaint filed against her on the grounds that:

    (a) she is not subject to the personal jurisdiction of this Court;

    (b) this Court lacks subject matter jurisdiction over this action; and

    (c) the claims are time-barred.

Plaintiff, Premier Capital, LLC ("Premier"), seeks to recover damages against Ms. Penzell, who has been sued as the representative of her deceased husband's law firm and the representative of her husband's estate on the basis of her alleged conversion and violation of Chapter 93A. As demonstrated in the Affidavit of Beverly Johnson Penzell and Memorandum of Law submitted in support of this Motion, Ms. Penzell never purposely transacted any business in Massachusetts, never contracted to supply goods or services in Massachusetts and did not

ID # 375724v01/10105-40/ 02.09.2004

cause any tortious injury in Massachusetts. The allegations of the Complaint, even if assumed to be true, pertain only to conduct in Florida, not Massachusetts.

This controversy arose because Ms. Penzell's deceased husband's former client, a banking association chartered in Charlotte, North Carolina, sold its assets to Bank of America a banking association chartered in Charlotte, North Carolina, who subsequently sold some of its assets to the plaintiff, Premier, a Delaware corporation. Any isolated, random communications Ms. Penzell had with Premier were not of her own choosing and, under these circumstances, it is simply unfair and unreasonable to force Ms. Penzell to litigate the claim in Massachusetts.

Moreover, since all of Premier's claims against Ms. Penzell relate to her deceased husband's legal work for Premier's predecessor, the claims must be adjudicated in the Florida Probate Court which, according to the Florida Probate Code, has exclusive jurisdiction over claims against the Estate of Kris E. Penzell. Ms. Penzell's husband died on March 8, 2000 and the probate matter relative to his estate is pending before the 11th Judicial Circuit Court of Miami-Dade County. The applicable sections of the Code require that all of Premier's claims be filed in Florida "where the decedent was domiciled" within two years of the date of death. Premier's claims were not filed with the appropriate Florida Probate Court, nor were they filed within the statutory time limit. Instead, Premier filed this claim with the Middlesex County Superior Court on August 21, 2003, over one year and five months after the expiration of the two year limitations period.[1] This Court does not have subject matter jurisdiction over these claims because the Florida probate court maintains exclusive jurisdiction over them. In addition, the claims are time-barred.

---

[1] Ms. Penzell removed this matter to Federal Court on December 11, 2003.

2

Finally, all of Ms. Penzell's allegedly wrongful actions took place exclusively in Florida, not in Massachusetts as expressly required by Chapter 93A. Premier's claim that Penzell violated Chapter 93A fails as a matter of law and, accordingly, Premier's claim should be dismissed.

WHEREFORE, for the foregoing reasons Ms. Penzell requests this Court grant the Motion to Dismiss the Plaintiff's Complaint.

February 9, 2004

BEVERLY JOHNSON PENZELL
By her attorneys,

Catherine J. Savoie, BBO# 544599
Katherine L. Kenney, BBO #637204
POSTERNAK, BLANKSTEIN & LUND, L.L.P.
Prudential Tower
800 Boylston Street
Boston, MA 02199-8004
617.973.6100

## CERTIFICATE OF SERVICE

I, Catherine J. Savoie, hereby certify that I have served a copy of Defendant Beverly Johnson Penzell's Motion to Dismiss Plaintiff's Complaint by first class mail postage prepaid, this ___ day of February 2004 upon the following:

Thomas J. Morrissey, Esq.
Hoisington and Morrissey P.A.
1506 Drift Road
Westport, MA 02790.

Catherine J. Savoie

3