UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. 03-CV-12497

| | |
|---|---|
| PREMIER CAPITAL, LLC )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BEVERLY JOHNSON PENZELL, )<br>d/b/a Law Office of Kris E. Penzell )<br>and BEVERLY JOHNSON )<br>PENZELL, as Personal )<br>Representative of the Estate of )<br>Kris E. Penzell )<br>    Defendants. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT BEVERLY JOHNSON PENZELL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### INTRODUCTION

Defendant Beverly Johnson Penzell ("Ms. Penzell") is a resident of Florida who has been sued by Premier Capital, LLC ("Premier") for conversion (Count I) and violation of G.L. c. 93A (Count II) on account of her alleged actions as the representative of her late husband's law firm and probate estate. This Court does not, however, have personal jurisdiction over Ms. Penzell or subject matter jurisdiction over Premier's claims. Accordingly, Ms. Penzell moves that the Court dismiss all of Premier's claims against her.

As grounds for the Motion, Ms. Penzell first states that all of the conduct alleged in the Complaint occurred in Florida, not Massachusetts. In fact, the Complaint does not allege <u>any</u> contact by Ms. Penzell with Massachusetts that would establish personal jurisdiction over her. Ms. Penzell is a Florida resident whose <u>only</u> contacts with Massachusetts consist of personal visits and isolated efforts to settle the instant controversy - - a controversy that arose due to the

ID # 375760v01/10105-40/ 02.09.2004

fact that Ms. Penzell's deceased husband's former client, a Charlotte, North Carolina banking association, sold its assets to Bank of America, a Charlotte, North Carolina banking association, which, after Mr. Penzell's death, sold some of its accounts to the plaintiff, Premier. Ms. Penzell has been in the process of assisting in winding down her husband's law practice and has made efforts to resolve the claims asserted by the plaintiff, Premier, a Delaware corporation. In these circumstances, it is manifestly unfair and unreasonable to force Ms. Penzell to litigate claims in Massachusetts, a state with which neither she nor her husband had any business contacts and in which neither purposely conducted or solicited business.

Second, all of Premier's claims against Ms. Penzell are governed by the Florida Probate Code. The applicable sections of the code, Fla. Stat. §§733.101, 733.710, require that all claims related to a Florida probate estate be filed in Florida "where the decedent was domiciled" within two years of the date of death, which in this case was March 8, 2000. *See* Fla. Stat. §§733.101, 733.710. Premier's claims were not filed with the appropriate Florida probate court within the statutory time limit. Instead, Premier filed this claim with the Middlesex Superior Court on August 21, 2003, over one year and five months after the expiration of claims period.[1] This Court cannot exercise jurisdiction over these claims because the Florida probate court maintains exclusive jurisdiction over them, and the claims are time-barred.

Finally, Premier's claim that Penzell violated Chapter 93A fails as a matter of law because all of Ms. Penzell's allegedly wrongful actions took place exclusively in Florida, and not in Massachusetts as expressly required by the statute. Accordingly, all of Premier's claims against Ms. Penzell should be dismissed.

---

[1] Ms. Penzell removed this matter to this Court on December 12, 2003.

2

## ALLEGATIONS OF THE COMPLAINT

A. **Plaintiff's Allegations Regarding Its Relationship With Ms. Penzell's Husband.**

Ms. Penzell's late husband, Kris E. Penzell ("Mr. Penzell"), operated his own law firm, Law Office of Kris E. Penzell, P.A. in Miami Beach, Florida. *See* Complaint ¶ 2. Mr. Penzell was the sole attorney who practiced law at this office. *Id.* at ¶ 5. Premier is the successor-in-interest in a number of collection matters pending in Florida. *Id.* at ¶ 3. Premier's predecessor had retained the law offices of Kris E. Penzell to prosecute these matters. *Id.* at ¶ 4. Premier purchased the collection matters on October 3, 2001. Since the death of Mr. Penzell, no legal work has been performed on any of Premier's collection matters. *Id.* at ¶ 9. On March 8, 2000, Mr. Penzell died. *See* Complaint at ¶ 6.

B. **Plaintiff's Allegations As To Ms. Penzell**

The Complaint contains very few allegations regarding Ms. Penzell's activities on behalf of Mr. Penzell or her involvement with the collection matters at issue here. The Complaint alleges that Ms. Penzell was an employee of Mr. Penzell and since his death, has served as the representative of his estate which is now pending before the 11th Judicial Circuit of Florida, Miami-Dade County (No. 00-1320). *See* Complaint ¶¶ 6, 7. The Complaint also alleges that Ms. Penzell is currently the representative of her husband's former law office. *Id.* at ¶¶ 2, 7. The Complaint further alleges that Penzell has not returned Premier's calls about the collection matters and has failed to return certain documents to Premier. *Id.* at ¶¶ 8, 10.

3

## MS. PENZELL'S CONTACT WITH MASSACHUSETTS

The allegations of the Complaint concerning Ms. Penzell's contacts with Massachusetts are unsubstantiated. Ms. Penzell's affidavit establishes that she has had no contact with Massachusetts apart from her isolated efforts to resolve this controversy – a controversy foisted upon her due solely to the fact that her deceased husband's former client sold assets to another party who sold some of its accounts to the plaintiff.

Ms. Penzell is a life long resident of Florida. Affidavit of Beverly Johnson Penzell ("Penzell Aff.") in Support of Her Motion to Dismiss at ¶ 1. She was born in Miami, Florida, attended college in Florida, and now resides in Miami Beach, Florida. *Id.* at ¶¶ 1-2. Ms. Penzell has always worked in Florida. *Id.* at ¶ 3. She worked as a secretary for Mr. Penzell (whom she married in 1980) from 1973 until 1981 at various law firms located in Florida. *Id.* at ¶¶ 4-6. Mr. Penzell was only licensed to practice law in the State of Florida. Penzell Aff. at ¶ 6. He never engaged in the practice of law in Massachusetts. *Id.* at ¶¶ 6-7. At no point did Ms. Penzell ever conduct any business of any kind in Massachusetts. *Id.* at ¶ 7. All of her work for her husband related to Florida lawsuits or judgments. *Id.* at ¶¶ 7, 11. Ms. Penzell's only regular contacts with Massachusetts or residents of Massachusetts consist of personal matters and visits to family members living or visiting in Massachusetts. *Id.* at ¶ 12.

The Law Office of Kris E. Penzell, P.A. provided services in Florida for Barnett Bank, a banking association chartered in Jacksonville, Florida. *Id.* at ¶ 13. Barnett Bank thereafter merged with NationsBank, N.A. ("NationsBank"), a banking association chartered in Charlotte, North Carolina. *Id.* at ¶ 13. In 1998, the law firm of Kris Penzell, P.A., entered into a contingency fee agreement with NationsBank, pursuant to which Mr. Penzell agreed to prosecute various collection matters for NationsBank. Penzell Aff. at ¶ 13. NationsBank subsequently

4

sold its assets to Bank of America. Penzell Aff. at ¶ 14. In March of 2000, while Bank of America owned the assets, including the collection matters being prosecuted by Mr. Penzell, Mr. Penzell passed away. Penzell Aff. at ¶¶ 9, 14. Since her husband's death, Ms. Penzell has assisted in the winding down of her husband's law firm. *Id.* at ¶ 11.

On October 3, 2001, while Ms. Penzell was in the process of assisting the court-appointed inventory attorney in the winding down of her husband's estate, Bank of America sold some of its assets, including the collection matters, to the plaintiff, Premier, a Delaware corporation. Penzell Aff. at ¶¶ 11, 15. Premier subsequently refused to pay the estate of Kris E. Penzell the agreed amounts due under the contingency fee agreement, giving rise to this controversy. Penzell Aff. at ¶ 16. In the process of trying to resolve this controversy, Ms. Penzell had an occasional communication with Premier which is located in Massachusetts; however, as is clearly established in her affidavit, Ms. Penzell never purposely or regularly conducted business in Massachusetts. Penzell Aff. at ¶¶ 16-17. Other than communication resulting from Premier's wrongful unilateral conduct, Ms. Penzel had no other business contact with Massachusetts. Penzell Aff. at ¶¶ 16-17.

## ARGUMENT

### A. The Complaint Fails to Establish a Basis for Personal Jurisdiction over Ms. Penzell.

When personal jurisdiction of an out-of state defendant is challenged, the Court must conduct a two-part test. *Landmark Bank v. Machera*, 736 F.Supp. 375, 380 (D. Mass. 1990). First, the Court must determine whether the plaintiff has satisfied its burden of establishing facts to satisfy jurisdiction under the Massachusetts long arm statute, G.L. c. 223A. *Ticketmaster-New York, Inc. v. Alioto,* 26 F.3d 201, 205 (1st Cir. 1994). Pursuant to G.L. c. 223A, § 3, a

Massachusetts court may assert personal jurisdiction over a non-resident defendant in cases where the defendant transacted business in Massachusetts, contracted to supply goods or services in Massachusetts, or caused tortious injury by an act or omission inside or outside of Massachusetts. *See* G.L. c. 223A, § 3(a)-(d). Personal jurisdiction is conferred only when some basis for jurisdiction enumerated in the statute has been established. *Champion Exposition Servs., Inc. v. Hi-Tech Elec., LLC*, 273 F.Supp.2d 172, 176 (D.Mass. 2003); *Tatro v. Manor Care, Inc.,* 416 Mass. 763 (1994).

The second issue is whether the out-of state defendant had sufficient minimum contacts with Massachusetts that subjecting the defendant to jurisdiction comports with the restraints imposed by the Due Process Clause of the United States Constitution. *See International Shoe Co. v. State of Washington,* 326 U.S. 316 (1945); *Sawtelle v. Farrell,* 70 F.3d 1381, 1388 (1st Cir. 1995); *Comer v. Comer*, 2003 WL 22889790, *3 (D.Mass.). To establish minimum contacts, the plaintiff must first demonstrate that its causes of action "arise out of, or relate to" the defendant's contacts with the forum state. *Ticketmaster-New York, Inc.,* 26 F.3d at 206, (*quoting Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984)). Second, the plaintiff must show that the defendant "purposely avail[ed herself] of the privilege of conducting activities within the forum state." *Id. (quoting Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). Finally, the plaintiff must show that the assertion of jurisdiction over the out-of-state defendant is reasonable and does not offend the "traditional notions of fair play and substantial justice." *Id. (quoting International Shoe Co.,* 326 U.S. at 320).

### 1.     Premier Has Failed to Allege Facts Which Bring Ms. Penzell's Conduct Within the Parameters of the Long Arm Statute.

In this case, Premier has failed to allege a colorable basis for personal jurisdiction over Ms. Penzell. First, Premier has not alleged that Ms. Penzell's activities in Massachusetts come within the parameters of the long arm statute. The long arm statute provides that personal jurisdiction may be asserted over an out-of-state defendant who has engaged in the following activities:

> (a)   transacting any business in this commonwealth;
>
> (b)   contracting to supply services or things in this commonwealth;
>
> (c)   causing tortious injury by an act or omission in this commonwealth;
>
> (d)   causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth; . . . .

G.L. c. 223A, §3(a)-(d).

Jurisdiction cannot be based on bare conclusory assertions, yet that is all that it provided here. *Champion Exposition Servs., Inc.*, 273 F.Supp.2d 172 (D.Mass., 2003); *Comer v. Comer*, 2003 WL 22889790, *3 (D.Mass.). The only basis of jurisdiction alleged in the Complaint is that Ms. Penzell "engaged in trade or commerce" in Massachusetts and that she "initiated contacts" with Premier in Massachusetts. *See* Complaint at ¶¶ 8, 17. Ms. Penzell, however, did nothing "in this commonwealth," which has anything to do with Premier's claims, other than try to resolve the claims. As such, Premier cannot satisfy sub-sections (a), (b) or (c). Subsection (d) is also not relevant in this case since it is clear that any assertion that the Court has jurisdiction over Ms. Penzell based on G.L. c. 223A, §3(d) would be baseless as Ms. Penzell's minimal conduct

here cannot satisfy sub-section (d). She does not "do or solicit business" in Massachusetts, nor does she "engage in any other persistent course of conduct," or "derive substantial revenue from goods used or consumed or services rendered," sufficient to confer jurisdiction over her. *See* G.L. c. 223A, §3(d).

Between 1973 and 1981, Ms. Penzell was an employee of various law firms which performed legal work in Florida. Penzell Aff. at ¶¶ 4. At no time did Ms. Penzel do any work on any case which had anything to do with Massachusetts. *Id.* at ¶ 7. She did not purposefully solicit business from anyone in Massachusetts or conduct business with anyone from Massachusetts at any time. *Id.* at ¶¶ 7, 10, 11. At no point has she derived any income from any source in Massachusetts. *Id.* at ¶ 7. To the contrary, Ms. Penzell's <u>only</u> contacts with Massachusetts consist of visits to family members who live in the state and random efforts to resolve the instant controversy foisted upon her due to circumstances she did not intend and over which she had no control - - her husband's death and the subsequent sale of certain accounts owned by a former client of her husband. *See* Penzell Aff. at ¶¶12, 16-17. Accordingly, Premier has failed to establish facts to bring Penzell's conduct within the long arm statute.

### 2. Personal Jurisdiction Based on the Allegations in the Complaint Would Offend the Due Process Clause

In addition to jurisdiction not being warranted by the Massachusetts long arm statute, the exercise of jurisdiction in this Court does not comport with the Due Process Clause of the Constitution. First, there is no relatedness between Premier's claims against Ms. Penzell and Ms. Penzell's personal visits to Massachusetts. *Ticketmaster,* 26 F.3d at 206. The "relatedness" requirement is not satisfied where the plaintiff's causes of action arises out of the relationship between the parties; the cause of action must arise out of the defendant's contacts with the forum

state. *Sawtelle*, 70 F.3d at 1389 (*citing Fournier v. Best Western Treasure Island Resort*, 962 F.2d 127 (1st Cir. 1992)) (where plaintiff booked a vacation from Massachusetts, but was injured out of state, personal jurisdiction over out-of-state resort corporation was not warranted as the cause of action did not arise out defendant's contacts with Massachusetts). As noted, Ms. Penzell's contacts with Massachusetts are entirely personal. Penzell Aff. at ¶ 12. None of her activities relating to either her husband's estate or former law firm, which form the basis of Premier's claims, occurred in Massachusetts. Penzell Aff. at ¶¶ 10, 11. Indeed, Premier does not even allege that Ms. Penzell's wrongful conduct related to her conduct in Massachusetts.

Second, Premier cannot establish that Ms. Penzell "purposefully availed" herself to the jurisdiction of this Court. The rationale of such consideration is to prevent a defendant from being subjected to the jurisdiction of a court based solely upon "random, isolated, or fortuitous' contacts with the forum." *See Comer* at *4 (*quoting Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). Analysis of a defendant's "purposeful availment" requires the court to consider whether the defendant has "engaged in any purposeful activity related to the forum that would make the assertion of personal jurisdiction fair, just or reasonable." *Sawtelle*, 70 F.3d at 1391.

In this case, Premier will be unable to establish that Ms. Penzell's activities within Massachusetts evidence her intent to "invok[e] the benefits and protections of [Massachusetts'] laws." *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 292 (1st Cir.1999). Ms. Penzell's only purpose of her trips to Massachusetts is to see her family. Penzell Aff. at ¶ 12. She does not conduct business of any type while she is in the Commonwealth. Penzell Aff. at ¶¶ 10, 11, 12. Her visits to her family can be characterized as "random, isolated [and] fortuitous," and certainly are insufficient to confer jurisdiction over her. Moreover, Ms.

Penzell's contacts with Premier resulted from the "unilateral actions of [Premier]," and as such, cannot support the assertion of personal jurisdiction over her. *See Rooney v. Walt Disney World Co.*, 2003 WL 22937728, *4 (D.Mass).

Finally, the plaintiff must demonstrate that the assertion of personal jurisdiction over Ms. Penzell would be reasonable. *Ticketmaster*, 26 F.3d at 209. The determination of "reasonableness" requires the court to consider the following five factors: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. *Sawtelle*, 70 F.3d at 1394 (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). Consideration of these five factors does not support personal jurisdiction over Ms. Penzell. First, having to litigate this matter in Massachusetts would place a heavy burden on Ms. Penzell, as she currently resides in Florida. Second, the United State District Court for the District of Massachusetts has no real interest in adjudicating the dispute between Premier and Ms. Penzell because the claims relate to legal work performed in Florida and a probate estate now pending before the 11th Judicial Circuit Court, Miami-Dade County, which are governed exclusively by Florida law. Third, Premier has no real interest in litigating this matter in Massachusetts as opposed to Florida. There are no key witnesses in Massachusetts; to the contrary, the witnesses to these claims, if any, and documents germane to the allegations are located in Florida. The fourth and fifth elements to the reasonableness analysis do not tip the jurisdictional scale in favor of Premier. In fact, Florida's interest in the "most effective resolution of this controversy" far outweighs that of Massachusetts, as this lawsuit directly affects the probate of a Florida estate and winding down of a Florida business.

In conclusion, exercise of this Court's personal jurisdiction over Ms. Penzell offends the due process protections of the United States Constitution and does not meet the requirements of the Massachusetts long arm statute. Ms. Penzell did nothing "within this Commonwealth" to satisfy any of the requirements of the long arm statute. Without such proof of proper personal jurisdiction, this Court's assertion of personal jurisdiction over Ms. Penzell is unwarranted and the claims against her must be dismissed.

**B.    This Court Does Not Have Subject Matter Jurisdiction over Premier's Claims Because the Claims Against Ms. Penzell which Relate to Her Husband's Estate, May Only Be Adjudicated By a Florida Probate Court.**

As noted, Premier's claims relate to Ms. Penzell's late husband's prosecution of various collection matters on behalf of Premier's predecessor-in-interest, Bank of America. These claims are assets of Kris Penzell's Florida professional corporation, which is an asset of his Florida probate estate, and must be filed against the estate pursuant to the Florida Probate Code. *See* Fla. Stat. §§733.101, 733.710. The applicable section of the code, Fla. Stat. §733.101, governs such claims against an estate and mandates that such claims be resolved in "the county [of Florida] where the decedent was domiciled." *See* Fla. Stat. §733.101. The code also requires that claims against an estate be filed within two years of the decedent's death. *See* Fla. Stat. §733.710. There is no exception to this time period, even where a creditor did not receive notice of the death or the claims period. *Id.*

In this case, Mr. Penzell lived in Miami-Dade County at the time of his death on March 8, 2000 and currently, the Estate of Kris E. Penzell is pending before the 11th Judicial Circuit Court of Florida, Miami-Dade County (No. 00-1320). Claims against the estate accrued on the date of his death and time period for filing claims against the estate expired on March 8, 2002.

11

Premier's claims were filed in Massachusetts on August 21, 2003, over seventeen months past the expiration of the statute of limitations. Even if Premier had filed this matter in the correct court, the claims would fail, as they are barred as a matter of law. Accordingly, this Court should dismiss these claims because the Miami-Dade County probate court has exclusive jurisdiction over the claims and they are, on their face, time barred as a matter of law.

C.  **Premier's Claim that Ms. Penzell Violated G.L. Chapter 93A Fails as a Matter of Law Because Ms. Penzell's Conduct Did Not Take Place "Primarily and Substantially" in the Commonwealth, and Should Therefor Be Dismissed.**

As discussed, Premier's claims relate to Ms. Penzell's conduct on behalf of her late husband's estate. Premier's claim that Ms. Penzell violated G. L. Chapter 93A is barred because Ms. Penzell's conduct did not take place "primarily and exclusively within the Commonwealth." General Law Chapter 93A, § 11 provides, in pertinent part, that "[n]o action shall be brought or maintained . . . unless the actions and transactions constituting the alleged unfair and deceptive act or practice occurred ***primarily and substantially within the commonwealth***." G.L. c. 93A, §11 (emphasis supplied). In order to determine whether the allegedly violative acts occurred "primarily and substantially" within the Commonwealth, the Court only considers the "place or places of occurrence of the offending acts." *Boston Hides & Furs, Ltd v. Sumitomo Bank, Ltd.*, 870 F.Supp. 1153, 1166-67 (D.Mass. 1994); *see also Sonesta Hotel Int. Corp. v. Central Florida Investments, Inc.*, 47 Mass. App. Ct. 154, 160 (1999) (judgment on c. 93A claim entered in favor of defendant where all allegedly violative conduct occurred in Florida). Any other rule would impose Massachusetts' "normative standards" on other communities. *Id.* at 160.

Since the death of Mr. Penzell, all of Ms. Penzell's conduct related to Premier's claims has occurred in Florida. Penzell Aff. at ¶¶ 10, 11, 16, 17. All of her activities related to assisting

in the winding down of her deceased husband's firm has occurred in Florida. *Id.* at ¶¶ 10-11. Likewise, all of Ms. Penzell's conduct related to probating her husband's estate occurred in Florida. *Id.* at ¶¶ 10-11. Ms. Penzell's alleged "failure" and "refusal" to communicate with Premier in Massachusetts, however, is one of the allegations against her. Complaint, ¶ 12. Obviously, a "failure" or "refusal" to communicate with someone in Massachusetts is not the same as an affirmative action in Massachusetts and is not sufficient to bring a Florida course of dealing under Chapter 93A. Indeed, the only thing that occurred in Massachusetts is the "failure" and "refusal" of Ms. Penzell to communicate with Premier. If the *absence* of contact with a Massachusetts resident were sufficient to confer Chapter 93A jurisdiction on a Florida resident, it would turn the statutory limitation on its head. As Chapter 93A liability can not be based upon a failure to have contact in Massachusetts, the Court should dismiss Premier's Chapter 93A claim.

ID # 375760v01/10105-40/ 02.09.2004

## **CONCLUSION**

For all the foregoing reasons, Beverly Johnson Penzell requests this Court dismiss all of Premier Capital LLC's claims against her. This Court lacks of personal jurisdiction over her and also lacks subject matter jurisdiction over Premier Capital's claims. Moreover, the Chapter 93A claim is facially defective as none of Beverly Johnson Penzell's conduct at issue in this matter occurred in Massachusetts.

February 9, 2004

BEVERLY JOHNSON PENZELL,

By her attorney,

Catherine J. Savoie, BBO# 544599
Katherine L. Kenney, BBO# 637204
POSTERNAK, BLANKSTEIN & LUND, L.L.P.
Prudential Tower
800 Boylston Street
Boston, MA  02199-8004
617.973.6100

## CERTIFICATE OF SERVICE

I, Catherine J. Savoie, hereby certify that I have served a copy of the Memorandum in Support of Beverly Johnson Penzell's Motion to Dismiss Plaintiff's Complaint by first class mail postage prepaid, this 9th day of February 2004 upon the following:

Thomas J. Morrissey, Esq.
Hoisington and Morrissey P.A.
1506 Drift Road
Westport, MA 02790.

Catherine J. Savoie

ID # 375760v01/10105-40/ 02.09.2004