UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. 03-CV-12497

| | |
|---|---|
| PREMIER CAPITAL, LLC )<br>    Plaintiff, )<br>v. )<br> )<br>BEVERLY JOHNSON PENZELL, )<br>d/b/a Law Office of Kris E. Penzell )<br>and BEVERLY JOHNSON )<br>PENZELL, as Personal )<br>Representative of the Estate of )<br>Kris E. Penzell )<br>    Defendants. ) | |

### AFFIDAVIT OF BEVERLY JOHNSON PENZELL IN SUPPORT OF HER MOTION TO DISMISS

I, Beverly Johnson Penzell, do hereby depose under oath and assert as follows:

1. I am a lifelong resident of Florida. I was born in Miami, Florida and I currently reside in Miami Beach, Florida. I have never worked, studied or lived in Massachusetts.

2. I attended school in Miami, Florida and graduated from college in Florida.

3. My entire professional career has been in Florida.

4. In 1973, I began to work for Kris E. Penzell, Esquire as his secretary, and I worked for him full time at various law firms in Florida until 1981.

5. I married Kris E. Penzell on October 7, 1980.

6. The Law Office of Kris E. Penzell, P.A., which was established in 1985, was confined to Florida, the only state where Kris E. Penzell was admitted to practice law.

7. My husband's law office never conducted any business with anyone located in Massachusetts, never derived any income from Massachusetts, and never handled any case for a Massachusetts' client.

8. Although I have been sued in my name as a d/b/a, I have <u>never</u> done business as the Law Office of Kris Penzell. I have <u>never</u> held myself out as an attorney.

9. My husband, Kris E. Penzell, died on March 8, 2000. He was domiciled in Miami Beach, Florida at the time of his death.

10. The probate matter involving his estate, for which I am serving as the personal representative, is currently pending in the 11th Judicial Circuit of Florida, Miami-Dade County. In my capacity as Personal Representative of the Estate of Kris E. Penzell I did not engage in business in Massachusetts, nor did I individually engage in business in Massachusetts. In conjunction with the probate matter, an administrative judge appointed an "inventory attorney" to oversee the winding down of the law firm.

11. Under the direction of the court appointed inventory attorney, I have assisted in the winding down of my husband's law firm. All of the work I have performed relative to the winding down of my husband's law firm has occurred in Florida and is related to Florida lawsuits or judgments.

12. The only reason I have ever visited Massachusetts was for family matters and to visit members of my family living or visiting there.

13. The Law Office of Kris E. Penzell, P.A. provided services for Barnett Bank, a banking association chartered in Jacksonville, Florida. These services were performed solely in Florida. Barnett Bank thereafter merged with NationsBank, N.A. ("NationsBank"), a banking association chartered in Charlotte, North Carolina. On December 23, 1998, the Law Office of Kris E. Penzell, P.A. entered into a contingency fee agreement with NationsBank, pursuant to which the Law Office of Kris E. Penzell, P.A. agreed to prosecute certain collection matters in Florida arising from certain collection accounts of NationsBank (the "collection accounts").

Attached hereto ("Exhibit A") is a true and accurate copy of the contingency fee agreement. In any event, the contingency fee agreement itself provides that it was executed in North Carolina and is governed by North Carolina law.

14.  Subsequent to the agreement between NationsBank and the Law Office of Kris E. Penzell, P.A., the assets of NationsBank, including the collection accounts, were sold to Bank of America, a banking association chartered in Charlotte, North Carolina.

15.  In October 2001 (a year and a half after my husband's death), I learned that certain accounts of Bank of America, including certain collection accounts formerly handled by my husband's firm, were sold to Premier Capital, LLC ("Premier Capital"), a company incorporated in Delaware and headquartered in Massachusetts.

16.  Premier Capital subsequently refused to pay the estate of Kris E. Penzell the amounts due under the contingency fee agreement, giving rise to this controversy. It was the fortuitous occurrence of the collection accounts being sold to Premier Capital and Premier Capital's unilateral conduct that forced me to have contact with Premier Capital in an effort to assist in the winding down of my husband's law firm.

17.  I never purposefully solicited or conducted any business in Massachusetts. I did not cause or create the situation of my husband's client, NationsBank, selling its assets to Bank of America, which then sold certain of its assets to Premier Capital, a Delaware corporation. Any communications I had with Premier Capital were conducted to settle the fees due my husband's firm, resulting from Florida judgments he obtained for Premier's predecessor in interest -- claims which needed to be resolved in order to wind down my husband's business and close his estate.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___9th___ DAY OF ~~JANUARY~~ 2004.
*February*

_____
Beverly Johnson Penzell

## CERTIFICATE OF SERVICE

I, Catherine J. Savoie, hereby certify that I have served a copy of the Affidavit of Beverly Johnson Penzell in Support of Her Motion to Dismiss by first class mail, postage prepaid, this ___9th___ day of February 2004 upon the following:

Thomas J. Morrissey, Esq.
Hoisington and Morrissey P.A.
1506 Drift Road
Westport, MA 02790

_____
Catherine J. Savoie

4

ID # 375780v01/10105-40/ 02.09.2004