UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. 03-CV-12497

PREMIER CAPITAL, LLC )
    Plaintiff, )
)
v. )
)
BEVERLY JOHNSON PENZELL, )
d/b/a Law Office of Kris E. Penzell )
and BEVERLY JOHNSON )
PENZELL, as Personal )
Representative of the Estate of )
Kris E. Penzell )
    Defendants. )

**COUNTERCLAIM AND DEMAND FOR JURY TRIAL**

PARTIES

1.    The plaintiff in counterclaim is Beverly Johnson Penzell, as personal representative of the estate of Kris E. Penzell ("Penzell estate"), her late husband who was a licensed Florida attorney. Pursuant to a written fee agreement Attorney Penzell, Law Offices of Kris E. Penzell, P.A., represented Bank of America (Bank) in various collection litigation matters in Florida courts.

2.    The defendant in counterclaim is Premier Capital, LLC (Premier), a Delaware limited liability corporation with a principal place of business at 226 Lowell Street, Wilmington, MA 01887. As relevant to this counterclaim, Premier purchased Bank of America's interest and obligations in some of the litigation conducted by Attorney Penzell under his fee agreement with the Bank.

## COUNT ONE

## BREACH OF CONTRACT

3. The Penzell estate incorporates and realleges the preceding paragraphs as if fully set forth herein.

4. The fee agreement under which Attorney Penzell performed work for the Bank required the Bank to pay Attorney Penzell for his legal services upon the Bank's termination of his services.

5. Premier's purchase of the Bank's interest and obligations in loan workout and collection matters being litigated by Attorney Penzell under his fee agreement with the Bank constituted a termination of Attorney Penzell's services for the Bank.

6. Premier, as successor-in-interest to the Bank, has failed to pay Attorney Penzell for legal services performed for the Bank on the loan workout and collection matters purchased by Premier.

7. Premier's conduct as described herein constitutes a breach of the fee agreement with Attorney Penzell.

8. Premier's breach of contract has caused the Penzell estate to suffer damages in an amount which is has not yet been determined, but the amount is susceptible to proof.

WHEREFORE, the Penzell estate demands that judgment enter against Premier:

1. ordering Premier to pay the Penzell estate an award of monetary damages in an amount equal to Attorney Penzell's legal fees and costs on the Bank matters purchased by Premier along with interest and the attorney's fees and costs incurred by the Penzell estate to obtain this judgment; and

b) ordering such other and further relief as may be fair and just.

## COUNT TWO

## QUANTUM MERUIT

9.  The Penzell estate incorporates and realleges the preceding paragraphs as if fully set forth herein.

10. Attorney Penzell was hired by the Bank to perform legal services for the Bank on loan workout and collection matters within Florida.

11. Attorney Penzell performed legal services for the Bank on various loan workout and collection matters subsequently purchased by Premier from the Bank. Premier's purchase of the Bank's interest in loan workout and collection matters included Premier's assumption of the Bank's obligations related thereto.

12. The fair value of Attorney Penzell's work and services is an amount which is has not yet been determined by the Court, but the amount is susceptible to proof.

13. Premier has failed to respond to the demand by the Penzell estate for payment of the fair value of Attorney Penzell's work and services on the loan workout and collection matters purchased by Premier from the Bank.

WHEREFORE, the Penzell estate demands that judgment enter against Premier:

2. ordering Premier to pay the Penzell estate an award of monetary damages in an amount equal to the fair value of Attorney Penzell's work and services on the Bank matters purchased by Premier as determined by a court of competent jurisdiction in Florida or by this Court, along with interest and the attorney's fees and costs incurred by the Penzell estate to obtain this judgment; and

b) ordering such other and further relief as may be fair and just.

<u>COUNT THREE</u>

UNFAIR AND DECEPTIVE ACTS AND PRACTICES

<u>MASSACHUSETTS G. L. CHAPTER 93A</u>

14. The Penzell estate incorporates and realleges the preceding paragraphs as if fully set forth herein.

15. Each of the named parties is engaged in trade or commerce as defined by Massachusetts G.L. c. 93A § 1(a).

16. Premier has employed unfair or deceptive acts or practices in the conduct of its business thereby damaging the Penzell estate.

17. These unfair and deceptive acts or practices are actionable under Massachusetts G.L. c. 93A §9 and §11 and the regulations promulgated by the Attorney General under authority of §2, namely 940 Code of Mass. Reg. § 3.00 <u>et seq.</u>  These unfair and deceptive acts or practices occurred primarily and substantially within Massachusetts where Premier conducts business.

18. The unfair or deceptive acts or practices employed by Premier include, but are not limited to:

    a) its malicious prosecution of a lawsuit against Beverly Johnson Penzell replete with false allegations;

    b) its false representation that Beverly Johnson Penzell has held herself out as an attorney and has unlawfully practiced law;

    c) its false representation that the Law Offices of Kris E. Penzell has unlawfully practiced law since Attorney Penzell's death;

    d) its stringing along Beverly Johnson Penzell to obtain information about Attorney Penzell's files so that Premier could collect on judgments obtained by Attorney

       Penzell and avoid paying the Penzell estate legal fees earned by obtaining these judgments;

    e)     its false representation that there existed an attorney-client relationship between Premier and the Penzell Law Office;

    f)     concealing its obligation to pay the Penzell estate legal fees earned on Attorney Penzell obtained judgments for which Premier has collected payments; and

    g)     filing and prosecuting a frivolous lawsuit to coerce the Penzell estate to waive its claims for legal fees and costs on various loan workout and collection matters subsequently purchased by Premier from the Bank.

19.     Premier's commission of unfair or deceptive acts or practices has caused the Penzell estate to suffer irreparable harm for which it cannot adequately be compensated by monetary damages. Premier must therefore be enjoined from conducting further activity that will damage the Penzell estate. In addition, the Penzell estate has also suffered direct, indirect, and consequential damages for which it is entitled to recover plus reasonable attorney's fees, costs, and interest.

20.     The unfair or deceptive acts or practices committed by Premier and complained of above were intentional, willful, and knowing as defined by Massachusetts G.L. c. 93A entitling the Penzell estate to recover damages up to treble, but not less than double, their compensatory amount, plus an allowance for its reasonable attorney's fees and costs.

    WHEREFORE, the Penzell estate demands that judgment enter against Premier:

    b)     ordering Premier to pay the Penzell estate an award of monetary damages in an amount equal to Attorney Penzell's legal fees and costs on the Bank matters purchased by Premier along with interest and the attorney's fees and costs incurred by the Penzell estate to obtain this judgment;

  c)  ordering Premier to pay the Penzell estate an award of monetary damages in an amount equal to its present and future losses, not less than double and up to treble its actual damages, plus interest, costs, and reasonable attorney's fees as permitted by law; and

  d)  ordering such other and further relief as may be fair and just.

  PLAINTIFF IN COUNTERCLAIM DEMANDS A JURY TRIAL ON ALL COUNTS AS PERMITTED BY LAW.

              BEVERLY JOHNSON PENZELL, as
              Personal Representative of the Estate of
              Kris E. Penzell
              By the attorney for counterclaim,


              Steven A. Sussman
              B.B.O. #488800
              6 Beacon Street, #400
              Boston, MA 02108
Dated: December 20, 2004       (617) 973-4800