UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. 03-CV-12497-NG

| | |
|---|---|
| PREMIER CAPITAL, LLC | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BEVERLY JOHNSON PENZELL, | ) |
| d/b/a Law Office of Kris E. Penzell | ) |
| and BEVERLY JOHNSON | ) |
| PENZELL, as Personal | ) |
| Representative of the Estate of | ) |
| Kris E. Penzell | ) |
|     Defendants. | ) |

**DEFENDANT'S MOTION TO FILE OMITTED COUNTERCLAIM**

Pursuant to Rule 13(f) of the F.R.Civ.P., Beverly Johnson Penzell ("B. Penzell"), in her capacity as the personal representative of the Estate of Kris E. Penzell, moves that she be permitted to file an omitted counterclaim, a copy of which is attached hereto. B. Penzell submits that the proposed counterclaim, arising out of the same transaction or occurrence that is the subject of the plaintiff's complaint, falls within the "when justice requires" provisions of Rule 13(a) for the reasons set forth below.

BACKGROUND

In this lawsuit, Premier Capital, LLC ("Premier") alleges misconduct by B. Penzell concerning various Florida loan workout and collection files that Premier purchased from Bank of America ("Bank"). B. Penzell denies any misconduct and views Premier's allegations as meritless. Before these files were sold to Premier, the Bank retained Attorney Kris E. Penzell ("Attorney Penzell") to pursue collection of these debts. Attorney Penzell obtained Florida judgments against each debtor. Subsequently, Attorney Penzell died and his wife, B. Penzell, was appointed Personal

Representative of her husband's estate. The Florida court overseeing the Penzell estate also appointed an "inventory attorney" to maintain Attorney Penzell's files and to protect the interests of his clients as his law office was being closed under court's supervision.

With regard to the files that are the subject of Premier's lawsuit against B. Penzell, these files have been retained, until recently, on behalf of Attorney Penzell's law firm under Florida law that provides an attorney with a "retaining lien" on a file on which an attorney has been discharged without making adequate provision for security of payment of the attorney's fees. See, Foreman v. Behr, 866 So. 2d 705 (Fla. App. 2 Dist.) (2003); Hall and Associates v. Ghanem, 679 So.2d 60 (1996).

On December 10, 2004, the Florida court overseeing the Penzell estate ordered (copy attached) that copies of Attorney Penzell's files for the Bank of America accounts purchased by Premier be delivered to Premier's counsel. In compliance with the court order, these files were sent on December 14, 2004. The delivery of the files effectively destroys the retaining lien which now warrants the filing of this counterclaim to protect Attorney Penzell's estate's interest in the legal fees earned on the files delivered to Premier. Foreman v. Behr, supra.

ARGUMENT

As discussed in Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d, §1430 Rule 13(f) provides that a party may move to amend its pleadings and assert a counterclaim that was omitted when justice requires. "Generally, courts have been quite liberal about granting leave to amend" under this Rule. Id. at 213. This standard has been followed within this District. Rule 13(f) is interpreted liberally, and amendment is freely granted in order to settle all claims in one action. Cabana v. Forcier, 200 F.R.D. 9, 11 (D. Mass. 2001) citing Salomon S.A. v. Alpina Sports

Corp., 737 F. Supp. 720, 721 (D.N.H.1990).  .In the case before this Court, the proposed counterclaim is necessitated by the recent delivery of the disputed files and the dissolution of the attorney's retaining lien as recognized under Florida law.

Moreover, Premier is not in a position to claim any prejudice by the addition of the counterclaim.  Apart from filing this lawsuit, Premier has done nothing to advance the prosecution of its claim.  To the contrary, Premier has delayed response to defendant B. Penzell's written discovery by providing incomplete responses to document requests and inadequate answers to interrogatories.  It has delayed defendant B. Penzell's attempt to conduct depositions by providing a Rule 30(b)(6) witness, Thomas DeFrancesco, who had virtually no knowledge about the disputed files.  When counsel for B. Penzell proposed a mediation of all claims and agreed to Premier's choice of the mediator, Premier sabotaged the proposal by refusing to agree to pay a one-half share of the mediator's fee.

Accordingly, this Court should accept he attached counterclaim to enable the parties to litigate and resolve all contested issues between them.

                    BEVERLY JOHNSON PENZELL, as
                    Personal Representative of the Estate of
                    Kris E. Penzell
                    By the attorney for counterclaim,

                    /s/ Steven A. Sussman

                    Steven A. Sussman
                    B.B.O. #488800
                    6 Beacon Street, #400
                    Boston, MA 02108
Dated: December 19, 2004         (617) 973-4800