UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE

2005 JAN 21 A 11: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
PREMIER CAPITAL, LLC,            )
                                 )
         Plaintiff,              )
                                 )   Civil Action No.
    v.                           )   03-CV-12497-NG
                                 )
BEVERLY JOHNSON PENZELL, d/b/a,  )
et al.,                          )
                                 )
         Defendants.             )
```

MOTION TO AMEND COMPLAINT OF
PLAINTIFF PREMIER CAPITAL, LLC

Pursuant to Rule 15(a), Federal Rules of Civil Procedure, plaintiff Premier Capital, LLC ("Premier"), moves to amend its Complaint in this matter to revise its claim of damages, and to add two additional defendants, Victor K. Rones ("Rones") and Susan I. Noe ("Noe"). In support of its motion, Premier submits the Affidavit of Richard Gleicher ("Gleicher Affidavit"). A proposed First Amended Complaint is filed herewith.

FACTUAL AND PROCEDURAL BACKGROUND

Premier is a Delaware limited liability corporation, with offices at 226 Lowell Street, Wilmington, MA. See Counterclaim, para. 2. Premier is in the business, inter alia, of purchasing and collecting upon distressed financial assets. Such assets included a group of approximately 21 Florida state court judgments (the "Florida Judgments"), purchased by Premier from Bank of America ("BofA"). Id.

Defendant and plaintiff-in-counterclaim Beverly Johnson Penzell is Personal Representative of the Estate of her late husband, Florida attorney Kris E. Penzell. Id., para. 1. Mr. Penzell represented BofA in the litigation which gave rise to the Florida Judgments. Id.

Mr. Penzell had "a fee agreement with" BofA. Id., para. 2. It appears undisputed that, on or about December 23, 1998, Kris E. Penzell, individually, entered into a written "Contingency Fee Agreement" ("Agreement") to perform legal services for NationsBank, N.A. (the "Bank"). A true and accurate copy of the Agreement is attached to the Gleicher Affidavit as Exhibit A. BofA is successor-in-interest to NationsBank, N.A. (the latter having been absorbed by BofA, id., para. 4).

BofA terminated Kris E. Penzell's services pursuant to the Agreement. Counterclaim, para. 4. The Agreement contained provisions requiring BofA "to pay Attorney Penzell upon [BofA's] termination of his services." Id.

Kris E. Penzell died on March 8, 2000. Affidavit of Beverly Johnson Penzell In Support of Her Motion To Dismiss

("Penzell Affidavit"), para. 9. Premier purchased the Florida Judgments under a written Loan Sale Agreement from BofA on or about October 3, 2001. Gleicher Affidavit, para. 3. That month, Ms. Penzell learned of the purchase. Affidavit of Beverly Johnson Penzell In Support of Her Motion To Dismiss, para. 15.

During the period 2001-late 2003, when this action was filed, Premier engaged in extensive correspondence regarding the Florida Judgments with three persons: Beverly Johnson Penzell, Susan I. Noe, and Victor Rones. All of these persons held themselves out as practicing law as part of the "Law Offices of Kris E. Penzell." Documents evincing this conduct are attached to the Gleicher Affidavit as Exs. B and C. At no time did any of these persons indicate that the firm was no longer in business. At no time did Ms. Penzell, Rones, or Noe notify Premier that they were acting in any capacity other than as attorneys with the firm (apart from one letter, in which Ms. Penzell expressly termed herself her late husband's personal representative).

During this 2001-2003 time frame, Rones and Noe provided, or purported to provide, legal services to Premier respecting the Florida Judgments. Gleicher Affidavit, para. 9.

In late Fall, 2004, during discovery in this action, Premier learned that Rones and Noe acted, successively, as Florida Probate Court-appointed "Inventory Attorneys" with respect to Mr. Penzell's practice. Id., para. 16. Premier had not been previously apprised by anyone that Rones and Noe were acting in this role.

The relationships which the "Law Offices of Kris E. Penzell", Ms. Penzell, Rones, and Noe, respectively, had with Premier are not entirely clear. These persons consistently represented the firm to be a going concern, and represented that they played a continuing role at the firm. They perfomed legal work for Premier respecting the Florida Judgments. It now appears, however, that Rones and Noe had, or may have had, independent roles and duties vis-à-vis Premier as court-appointed "Inventory Attorneys." They may, or may not, contend that they acted as part of the Penzell law firm. They may, or may not, be found to have done so by this Court.

In December, 2004, Premier advised Noe in writing that it had learned she was Inventory Attorney, and demanded she return the Florida Judgment files to Premier. (These matters are documented in Ms. Penzell's recent motion to

4

assert a counterclaim in this matter.)  Noe sought the Florida Probate Court's "direction", indicating that she declined to return such files on her own initiative in light of Ms. Penzell's purported "attorney's lien[s]".  A Probate Court judge ordered return of the files.  To the best of Premier's understanding, therefore, Ms. Penzell no longer retains any of the files, and certain factual allegations of the Complaint in this action no longer obtain.

ARGUMENT

<u>Under The Permissive Standards Governing Rule 15(a) Motions, Premier Should Be Permitted to Amend Its Complaint.</u>

Rule 15(a) states in part that leave to amend "shall be freely given when justice so requires."  "Generally, Rule 15 advises the court that 'leave shall be freely given when justice so requires.'  This policy is 'to be applied with extreme liberality.'"  <u>Eminence Capital, LLC</u> v. <u>Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Rule 15(a)) (citations omitted).  In <u>Foman</u> v. <u>Davis</u>, 371 U.S. 178, 182 (1962), the Supreme Court outlined the factors the district court should weigh in deciding a Rule 15 motion:

> In the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the leave sought should, as the rules require, be 'freely given.'

5

"Absent prejudice, or a strong showing of any of the remaining <u>Foman</u> factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." <u>Eminence Capital, LLC</u> v. <u>Aspeon, Inc.</u>, <u>supra</u>, 316 F.3d at 1052 (citations omitted). <u>See also Eastern Food Services, Inc.</u> v. <u>Pontifical Catholic Univ. Services Assn., Inc.</u>, 357 F.3d 1, 8 (1st Cir. 2004) ("in general permission [to amend] is liberally granted where there is no prejudice").

None of the <u>Foman</u> factors subsist here. Premier seeks to amend at an early stage of this litigation. Discovery has begun, but is not advanced: only two depositions have begun, both of Rule 30(b)(6) deponents, and those depositions are suspended, uncompleted. Accordingly, the additional defendants face no prejudice in defending Premier's claims. <u>Contrast</u> <u>Grant</u> v. <u>News Group Boston, Inc.</u>, 55 F.3d 1, 5 (1st Cir. 1995) (affirming denial of leave to amend where "discovery was already complete").

No "undue delay" or like dilatory conduct has occurred. Premier discovered the status of Ms. Noe and Mr. Rones as "Inventory Attorneys" during discovery in late Fall, 2004. Neither of those persons advised Premier of their status; rather, they each held themselves out as attorneys in the "Law Offices of Kris E. Penzell". Gleicher Affidavit,

paras. 10-12 and Ex. B. Therefore, until very recently, these lawyers were each represented themselves to be part of the firm, which in turn reasonably appeared to be a going concern. Premier has reacted promptly to amend its Complaint to reflect what it recently learned about Rones and Noe. Contrast Larocca v. Borden, Inc., 276 F.3d 22, 32 (1st Cir. 2002) (leave to amend properly denied where discovery complete and plaintiffs had twice been permitted to amend their complaint).

Finally, the proposed revisions with respect to damages reflect the return of the files in the Florida litigation matters to Premier, pursuant to the December, 2004, Order of a Florida probate court judge. The nature of the relief Premier seeks has changed, to reflect damage to its interests during the period in which Ms. Penzell wrongfully retained the files in Florida. Here, too, Premier has acted promptly. Further, Ms. Penzell having been allowed to file a Counterclaim just last month, considerations of fairness should guide this Court in allowing Premier's Rule 15(a) motion, enabling all issues to be joined and litigated in one proceeding.

## Conclusion

For all of these reasons, Premier requests that the Court grant it leave to amend its Complaint under Rule 15(a).

                              Respectfully submitted,

                              PREMIER CAPITAL, LLC

                              By its attorneys,

                              Miles E. Hoisington
                              BBO# 545184
                              Thomas James Morrissey
                              BBO# 547077
                              Hoisington & Morrissey P.A.
                              1506 Drift Road
                              Westport, MA 02790
                              Tel.: (508) 636-7363

Dated: January 20, 2005

## CERTIFICATE OF SERVICE

The undersigned, counsel for the plaintiff Premier Capital, Inc., certify that I served a copy of the foregoing Motion and the Affidavit of Richard Gleicher in support thereof upon counsel of record for defendant Beverly Johnson Penzell, Catherine Savoie, Esq., Posternak, Blankstein & Lund, L.L.P., Prudential Tower, 800 Boylston Street, Boston, Massachusetts 02199-8004, and Steven A. Sussman, Esq., 6 Beacon Street, Suite 400, Boston, MA 02108 by overnight mail, postage prepaid, this 20th day of January, 2005.

                              Thomas James Morrissey
                              BBO# 547077