UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PREMIER CAPITAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) 03-CV-12497-NG |
| | ) |
| BEVERLY JOHNSON PENZELL, d/b/a | ) |
| Law Office of Kris E. Penzell; | ) |
| and BEVERLY JOHNSON PENZELL, as | ) |
| Personal Representative of the | ) |
| Estate of Kris E. Penzell, | ) |
| SUSAN I. NOE, and VICTOR K. | ) |
| RONES, | ) |
| | ) |
| Defendants. | ) |

FIRST AMENDED COMPLAINT

Jurisdiction and Venue

1. This Court has subject matter jurisdiction in this diversity action pursuant to 28 U.S.C. Section 1332(a)(1). Venue is appropriate under 28 U.S.C. Section 1391(a)(2) and (3). This action was initially filed in Massachusetts Superior Court and subsequently removed to this Court by defendant Beverly Johnson Penzell, pursuant to 28 U.S.C. Sections 1441(a)-(b) and 1446(d).

Parties

2. The plaintiff, Premier Capital, LLC ("Premier"), is a Delaware limited liability corporation with a principal place of business at 226 Lowell Street, Wilmington, Middlesex County, Massachusetts 01887.

3.  Beverly Johnson Penzell is a defendant in two separate capacities. Beverly Johnson Penzell is a defendant, individually, d/b/a Law Office of Kris E. Penzell. She is also a defendant in her capacity as Personal Representative of the estate of Kris E. Penzell. (She is referred to herein, in both capacities, as "Beverly Johnson Penzell.") Her address is 316 West Rivo Alto Drive, Miami Beach, Florida 33139.

4.  Defendant Susan I. Noe ("Noe") is an individual with an address of 1440 JFK Causeway, Suite 321, North Bay Village, Florida 22141. Upon information and belief, Noe is an attorney admitted to practice in the State of Florida.

5.  Defendant Victor K. Rones ("Rones") is an individual with an address of 16105 N.E. 18th Avenue, North Miami Beach, Florida 33162. Upon information and belief, Rones is an attorney admitted to practice in the State of Florida.

Allegations

6.  Premier is successor-in-interest to Bank of America ("BofA") with respect to the Bank's right, title and interest to approximately twenty-one loan workout and collection matters brought in courts of the State of

2

Florida, which had been reduced to judgment (the "Florida Judgments").

7. Premier purchased the Florida Judgments, and file materials related thereto, from the Bank on or about October 3, 2001.

8. Prior to such purchase, BofA's predecessor, NationsBank, N.A., entered into a written agreement dated December 23, 1998, with Florida attorney Kris E. Penzell. Upon information and belief, Mr. Penzell was principal of the Law Offices of Kris E. Penzell (the "Penzell Law Firm"), Under the Agreement, Mr. Penzell represented NationsBank, N.A., and, subsequently, BofA, in the litigation giving rise to the Florida Judgments. In connection with the Agreement, the Bank and BofA transferred promissory notes, other commercial paper, and file materials to the Penzell Law Firm.

9. Upon information and belief, Kris E. and Beverly Johnson Penzell were husband and wife.

10. Upon information and belief, On March 8, 2000, Kris E. Penzell died. Upon information and belief, Beverly Johnson Penzell is Personal Representative of the estate of

3

Kris E. Penzell in a probate matter now pending in the 11th Judicial Circuit of Florida, Miami-Dade County (No. 00-1320).

11. At all times relevant hereto, Beverly Johnson Penzell has been an employee of the Penzell Law Firm. Upon information and belief, she is not an attorney. Yet, she has held out the Penzell Law Firm as a going concern with the capacity to provide legal services, including litigation-related collection services.

12. Rones was an associate of Kris E. Penzell in the Penzell Law Firm. Upon information and belief, on March 24, 2000, Rones was appointed Inventory Attorney respecting Mr. Penzell's law practice by the Probate Division of the 11th Judicial Circuit of Florida, Miami-Dade County.

13. Upon information and belief, Noe was appointed substitute Inventory Attorney, replacing Rones, on April 29, 2002.

14. The duties of Inventory Attorneys are set forth in the Rules Regulating The Florida Bar. Such duties include "tak[ing] such action as seems indicated to protect the interests of the clients of the subject attorney" and

"avoid[ing] prejudice to the clients of the subject attorney" [i.e., Mr. Penzell].

15. At all times prior to the filing of this action, the respective defendants held themselves out as practicing law as the Penzell Law Firm. Neither Rones, nor Noe, ever provided notice to BofA or, later, to Premier of their appointment or status as Inventory Attorneys. Rather, Rones, Noe, and Beverly Johnson Penzell continued to purport to provide legal services to Premier as the Penzell Law Firm in connection with the Florida Judgments.

16. Subsequent to its purchase of the Florida Judgments, Premier sought frequently to contact defendants Noe and Beverly Johnson Penzell at the Penzell Law Firm to protect Premier's interests. Such contacts included numerous letters and telephone and electronic mail messages. In addition, each of the defendants initiated contacts with Premier in Massachusetts.

17. As a result of such contacts, Premier determined that certain legal services were not performed in the collection matters since at least the death of Kris E. Penzell, proximately causing damage to Premier's interests. Premier was able to so determine despite defendants Noe and

Beverly Johnson Penzell having largely ignored Premier's request for information about the matters.

18. Finally, Premier made written demand of defendant Beverly Johnson Penzell for return of the documents which together comprise the Florida Judgments, including notes and other file materials, commercial paper and other documents. However, she continued to retain all commercial paper and other documents comprising the Florida Judgments.

19. In or about November, 2004, Premier learned that Rones and Noe were, in fact, Inventory Attorneys. Premier made prompt written demand upon them, in such capacities, for return of the Florida Judgment files to enable Premier to obtain successor counsel and move collection of the Judgments forward.

20. Noe and Rones subsequently moved for relief in Florida, seeking "direction" respecting to Premier's demand. In their motion papers, they asserted that there was "an attorney's lien on each file by [the Penzell Law Firm."

21. None of the defendants had ever notified Premier that there were such liens. Moreover, the Agreement had terminated, and at no time did any of the defendants submit invoices for past due legal fees to BofA or to Premier, pursuant to the termination provisions of the Agreement.

Accordingly, there was no factual or legal basis for the assertion of an attorney's lien respecting any of the Florida Judgments.

22. Following the Noe and Rones motions, a Florida Judge ordered the return of the Florida Judgment files to Premier. Premier received such files from the Penzell Law Firm in mid-December, 2004.

23. During the period in which the defendants retained the Florida Judgment files and held themselves out as the Penzell Law Firm, the defendants engaged in acts and omissions which vitiated Premier's ability to collect on the Florida Judgments. But for such acts and omissions, certain of the Judgments would have been satisfied, in whole or in part. Such acts and omissions included, without limitation, the conduct outlined supra, and the following:

    (a) failing to advise Premier that Inventory Attorneys had, in fact, been appointed to protect Premier's interests;

    (b) failing to respond to Premier's demands for return of the Florida Judgment files, so that Premier could pursue collection with successor attorneys of Premier's choosing;

(c) failing to make bankruptcy filings in timely fashion, undermining Premier's ability to participate in distributions of debtor assets and resulting in discharge of judgment indebtedness;

(d) failing to timely file, record, and/or renew judgment liens respecting certain Judgments, enabling judgment debtors to convey their interests in real property without having to satisfy their judgment indebtedness first;

(e) materially breaching the Agreement by failing to adhere to its termination provisions, and subsequently asserting groundless attorney's liens;

(f) purporting to protect Premier's interests whjile failing to do so; and

(g) retaining the Florida Judgment file materials, and ceasing cooperation with Premier.

Count I
(Breach of Contract)

24. The allegations of paragraphs one though twenty-three are incorporated herein as if fully set forth.

25. By virtue of the conduct set forth above, the defendants, jointly and severally, materially breached the Agreement.

26. As a result of such material breach, Premier was, and continues to be, substantially damaged.

## Count II
### (Intentional Misrepresentation)

27. The allegations of paragraphs one though twenty-six are incorporated herein as if fully set forth.

28. By virtue of their conduct as set forth above, the defendants, jointly and severally, intentionally misrepresented their status, purporting to practice as part of the Penzell Law Firm, failing to disclose the roles of Rones and Noe as Inventory Attorneys, and failing to act to protect Premier's interests until ordered to do so by a Florida judge.

29. Such defendants intended Premier to rely on such misrepresentations. Premier reasonably so relied.

30. As a result of such intentional misrepresentations, Premier was, and continues to be, substantially damaged.

### Count III
### (Negligent Misrepresentation)

31. The allegations of paragraphs one though thirty are incorporated herein as if fully set forth.

32. By virtue of their conduct as set forth above, the defendants, jointly and severally, negligently misrepresented their status, purporting to practice as part of the Penzell Law Firm, failing to disclose the roles of Rones and Noe as Inventory Attorneys, and failing to act to protect Premier's interests until ordered to do so by a Florida judge.

33. Premier reasonably relied on such misrepresentations.

34. As a result of such negligent misrepresentations, Premier was, and continues to be, substantially damaged.

Count IV
(Negligence)

35. The allegations of paragraphs one though thirty-four are incorporated herein as if fully set forth.

36. By virtue of their conduct as set forth above, the defendants, jointly and severally, breached duties of care owed to Premier. Such duties of care exist at common law and, in the case of Rones and Noe, are in addition framed by the provisions of the Rules Regulating The Florida Bar.

37. In their conduct in representing Premier and its predecessor-in-interest, BofA, in the Florida collection matters, Rones and Noe, respectively, materially breached the standard of reasonable care and skill applicable to a member of the legal profession.

38. Such material breach by Rones and Noe, respectively, directly and proximately caused substantial damage to Premier.

Count V
(M.G.L. c.93A, Sections 2 and 11)

39. The allegations of paragraphs one though thirty-eight are incorporated herein as if fully set forth.

40. At all times relevant hereto, the defendants engaged in trade or commerce within the Commonwealth.

41. The defendants' actions, as set forth above, including, but not limited to, the baseless assertion of attorney's liens respecting the Florida Judgments, the defendants' purporting to do business as the Penzell Law Firm, and their obstruction of Premier's efforts to transfer the Judgments to successor counsel, constitute unfair or deceptive acts or practices within the meaning of M.G.L. c.93A, Sections 2 and 11.

42. Such actions were performed willfully and knowingly.

43. As a result of the unfair or deceptive acts or practices described above, Premier sustained injury including, but not limited to, Premier's actual damages as set forth in this First Amended Complaint, and consequential damages including attorney's fees.

## Prayers For Relief

WHEREFORE, Premier requests that the Court enter judgment in its favor and against the defendants, jointly and severally, as follows:

(1) in the amount of Premier's actual damages, not less than $462,995.76, plus interest;

(2) trebled, plus Premier's reasonable attorney's fees and costs, pursuant to M.G.L. c.93A, Sections 2 and 11;

(3) and granting such further relief as the Court deems just.

                                      PREMIER CAPITAL, LLC

                                      By its attorneys,

                                      /s/ Miles E. Hoisington
                                      Miles E. Hoisington
                                      BBO# 545184
                                      Thomas James Morrissey
                                      BBO# 547077
                                      Hoisington and Morrissey P.A.
                                      1506 Drift Road
                                      Westport, MA 02790
                                      Tel.: (508) 636-7363

Dated: January 20, 2005