UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PREMIER CAPITAL, LLC, )
)
       Plaintiff, )
)
      v. )  Civil Action No.
)  03-CV-12497-NG
)
BEVERLY JOHNSON PENZELL, d/b/a, )
et al., )
)
       Defendants. )

REPLY OF PLAINTIFF, PREMIER CAPITAL, LLC, TO
DEFENDANT'S COUNTERCLAIM

Plaintiff and defendant-in-counterclaim, Premier Capital, LLC ("Premier"), replies as follows to the Counterclaim in the above-captioned action:

1. The allegations of paragraph 1 of the Counterclaim are admitted.

2. The allegations of paragraph 2 of the Counterclaim are admitted.

3. The replies to paragraphs 1-2 of the Counterclaim are incorporated herein as if fully set forth.

4. It is admitted that the agreement required Bank of America ("BofA") to pay Kris E. Penzell for his legal services upon termination of the agreement. Further

1

replying, such agreement, including its termination provisions, contained other language material to any claim by Mr. Penzell for payment. Such agreement is in writing and its terms speak for themselves.

5. It is admitted that Premier purchased BofA's interest in certain "loan workout and collection matters" for which Mr. Penzell had provided legal services to BofA. It is further admitted that BofA undertook "a termination" of the agreement referenced in paragraph 5 of the Counterclaim. Further replying, Premier states that Mr. Penzell's death preceded Premier's purchase of BofA's interest in the above-referenced matters. To the extent that paragraph 5 of the Counterclaim contains any further allegations to which responsive pleading is required, such allegations are denied.

6. The allegations of paragraph 6 of the Counterclaim are denied.

7. The allegations of paragraph 7 of the Counterclaim are denied.

8. The allegations of paragraph 8 of the Counterclaim are denied.

9.  The replies to paragraphs 1-8 of the Counterclaim are incorporated herein as if fully set forth.

10.  It is admitted that Mr. Penzell performed legal work respecting certain loan workout and collection matters in the State of Florida for BofA.  The remaining allegations of paragraph 10 of the Counterclaim are denied.

11.  The allegations contained in the first sentence of paragraph 11 of the Counterclaim are admitted.  The allegations contained in the second sentence of paragraph 11 are denied.

12.  It is admitted that the Court had not made a determination of the value, if any, of Mr. Penzell's alleged services.  The remaining allegations of paragraph 12 of the Counterclaim are denied.

13.  The allegations of paragraph 12 of the Counterclaim are denied.

14.  The replies to paragraphs 1-13 of the Counterclaim are incorporated herein as if fully set forth.

15.  It is admitted that all parties hereto were, at all times relevant herein, engaged in trade or commerce within the Commonwealth.

16.  The allegations of paragraph 16 of the Counterclaim are denied.

17.  The allegations of paragraph 17 of the Counterclaim are denied.

18.  The allegations of paragraph 18, including 18(a)-(g), of the Counterclaim are denied.

19.  The allegations of paragraph 19 of the Counterclaim are denied.

20.  The allegations of paragraph 20 of the Counterclaim are denied.

## First Affirmative Defense

The defendant is barred by her own conduct and that of Kris E. Penzell ("Mr. Penzell") from recovering on the claims set forth in the Counterclaim.

4

## Second Affirmative Defense

The defendant, and Mr. Penzell, have waived the claims set forth in the Counterclaim.

## Third Affirmative Defense

The defendant is estopped from asserting the claims set forth in the Counterclaim.

## Fourth Affirmative Defense

The defendant is barred from recovery by virtue of the doctrine of laches.

## Fifth Affirmative Defense

The defendant is barred from recovery by virtue of her own unclean hands and that of Mr. Penzell.

## Sixth Affirmative Defense

The damages sustained by defendant, if any, are exceeded by the damages sustained by Premier.

## Seventh Affirmative Defense

The defendant and Mr. Penzell materially breached the agreement referenced in the Counterclaim, barring defendant from recovery.

## Eighth Affirmative Defense

The defendant is barred from recovery by virtue of her own unfair or deceptive acts or practices violative of M.G.L. c.93A.

### Ninth Affirmative Defense

The defendant is barred from recovery by virtue of her negligence and that of Mr. Penzell.

### Eleventh Affirmative Defense

The Counterclaim fails to state a claim upon which relief can be granted.

### Twelfth Affirmative Defense

The claims set forth in the Counterclaim are barred by a failure of consideration.

### Thirteeth Affirmative Defense

The claims set forth in the Counterclaim are barred by the defendant's misrepresentation.

### Fourteenth Affirmative Defense

The damage allegedly sustained by the defendant, if any, was caused by another party, and not Premier.

### Fifteenth Affirmative Defense

The claims set forth in the Counterclaim are barred by applicable statutes of limitation.

### Sixteenth Affirmative Defense

The defendant is barred from recovery on her counterclaim by virtue of her failure to join parties needed for a just adjudication of the claims set forth in the Counterclaim.

Seventeenth Affirmative Defense

The defendant is barred from recovery on her Counterclaim by virtue of her failure to include a proper demand for judgment under Fed. R. Civ. P. 8(a)(3).

Prayers For Relief

WHEREFORE, Premier prays that the Court dismiss the Counterclaim with prejudice, and enter relief in favor of Premier in accordance with the Complaint in this action, including an award to Premier of its costs and attorney's fees.

PREMIER CAPITAL, LLC

By its attorneys, .

Miles E. Hoisington
BBO# 545184
Thomas James Morrissey
BBO# 547077
Hoisington & Morrissey P.A.
1506 Drift Road
Westport, MA 02790
Tel.: (508) 636-7363

Dated:    January 12, 2005

CERTIFICATE OF SERVICE

The undersigned, counsel for the plaintiff Premier Capital, Inc., certify that I served a copy of the foregoing Answers and Objections upon counsel of record for defendant Beverly Johnson Penzell, Catherine J. Savoie, Esq., Posternak, Blankstein & Lund, L.L.P., Prudential Tower, 800 Boylston Street, Boston, Massachusetts 02199-8004, and Steven A. Sussman, Esq., 6 Beacon Street, Suite 400, Boston, MA 02108 by first class mail, postage prepaid, this 12th day of January, 2005.

Thomas James Morrissey
BBO# 547077

7