UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. 03-CV-12497

PREMIER CAPITAL, LLC            )
          Plaintiff,            )
          v.            )
                      )
BEVERLY JOHNSON PENZELL,    )
d/b/a Law Office of Kris E. Penzell    )
and BEVERLY JOHNSON            )
PENZELL, as Personal            )
Representative of the Estate of        )
Kris E. Penzell            )
          Defendants.            )

**AFFIDAVIT OF CATHERINE SAVOIE
IN SUPPORT OF THE OPPOSITION OF BEVERLY PENZELL,
AS PERONSAL REPRESENTATIVE OF THE ESTATE OF KRIS E. PENZELL
TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

I, Catherine Savoie, being duly sworn depose and say as follows:

1)     I am counsel for defendants in the above-entitled action. I am an attorney with the

Boston Law Firm of Posternak Blankstein and Lund, The Prudential Tower, 800

Boylston Street, Boston, MA 02199. I am a member of the bar of the Commonwealth

of Massachusetts and have been a member in good standing since 1984. I submit this

affidavit in support of the opposition of the defendant, Beverly J. Penzell, as personal

representative of the estate of Kris E. Penzell ("Penzell") to the motion of the

Plaintiff, Premier Captial, LLC ("Premier") to amend the complaint.

2)    On March 31, 2004 I wrote to Thomas J. Morrissey, Esquire, who is counsel for the Plaintiff, Premier Capital, LLC in the above-entitled matter. A true and accurate of my March 31, 2004 letter is attached hereto as Exhibit "A".

3)    On June 21, 2004 I sent an e-mail to Mr. Morrissey with regard to this matter and in response to an e-mail Mr. Morrissey had previously sent to me on June 18, 2004. Attached hereto as Exhibit "B" is a true and accurate copy of the e-mail sent to me by Mr. Morrissey on June 18, 2004 and my e-mail sent to him in response on June 21, 2004.

4)    On September 15, 2004 I faxed and sent by first class mail to Mr. Morrissey a letter stating my client's demand for fees for legal service performed by the Law Office of Kris E. Penzell and for expenses and disbursements incurred by the Law Office of Kris E. Penzell on the files which are at issue in this litigation. A true copy of my September 15, 2004 correspondence to Mr. Morrissey is attached as Exhibit "C".

5)    On December 10, 2004 an order was entered in the Florida Probate Court in the case entitled In the Estate of : Kris Evan Penzell, Deceased, 11th Judicial Circuit in and for Miami-Dade County Florida, Probate Division, File No. 00-11CA 60. A true and accurate copy of the order is attached hereto as Exhibit "D". The order was entered after hearing argument of the inventory attorneys, Susan Irene Noe and Victor Rones, counsel for the personal representative (Penzell's counsel) and counsel for Premier Capital, LLC, the Plaintiff in this action.

2

SWORN UNDER THE PAINS AND PENALTIES OF PERJURY THIS 2nd DAY OF FEBRUARY 2005.

_Catherine J. Savoie_
Catherine J. Savoie

3

# EXHIBIT "A"



**Posternak**
POSTERNAK BLANKSTEIN & LUND LLP

March 31, 2004

Catherine J. Savoie
617-973-6274
617-722-4951 FAX
csavoie@pbl.com

Thomas James Morrissey, Esq.
Hoisington & Morrissey
1506 Drift Road
Westport, MA  02790

RE:  Premier Capital, LLC v. Beverly Johnson Penzell
     U.S. District Court C.A. No 03-CV-12497

Dear Mr. Morrissey:

I tried calling you to discuss the issues raised in your March 22, 2004 correspondence to me, but you did not return my call.  Accordingly, I am writing to provide a response.

You apparently are not aware that under Florida law there exists an attorney's retaining lien on a client's papers and files which is a possessory lien that an attorney holds until an attorney's fee has been paid or until adequate security for payment of any attorney's fees owed has been posted.  This is well established law in Florida.

To date, Ms. Penzell has been exercising, on behalf of her husband's estate, an attorney's retaining lien pending payment to the Law Office of Kris E. Penzell, P.A. of monies owed to it with regard to the files at issue.  Nevertheless, Ms. Penzell is interested in an amicable resolution of the controversy and she is currently in the process of preparing the files for redelivery to your client.

In the meantime, however, your client should suffer absolutely no prejudice since your client has in its possession copies of everything that Ms. Penzell has in the files of the law office of Kris E. Penzell, P.A.  I understand that when your client purchased the accounts of Bank America, Bank America supplied all documents relative to the accounts to Premier.  All additional documents were forwarded to your client by Kris Penzell when he was working on the files.  Therefore, your client has no claim of prejudice because all of the papers it seeks to have transferred to it from the defendants are already in your client's possession.

Thomas James Morrissey, Esq.
March 31, 2004
Page 2


In any event, as noted above, Ms. Penzell is interested in an amicable resolution of this controversy and if your client is open to such a resolution, I would appreciate a call so that we can set up a meeting.



Very truly yours,

Catherine J. Savoie

CJS/jw
cc:    Beverly Johnson Penzell
       Steven A. Sussman, Esquire


ID # 388527v01/10105-40

# EXHIBIT "B"

# Linda Stastny

| | |
|---|---|
| **From:** | Catherine Savoie |
| **Sent:** | Monday, June 21, 2004 3:49 PM |
| **To:** | 'TMorris423@aol.com' |
| **Subject:** | RE: Premier v. Penzell |

Let's plan on doing the DiFrancesco deposition at 11:00 on 7/7 if that suits you and the witness. I understand Premier has at least one other 30(b)(6) witness and I suggest any of the following: 7/13; 7/14; 7/26; 7/27. As for our discovery conference, I am available tomorrow until 12 noon and after 2:30 and anytime on Wednesday. Next week, I'm available on the 28th and 29th. Please pick a date and time.

 Finally, I am writing you a letter that under no circumstances if there an attorney/client relationship between the Penzell law office and Premier, nor has there ever been such a relationship. Penzell's inventory attorney merely performed one discreet task on an emergency basis at Premeir's insistence, but this did not create an attorney client relationship of a general nature, particularly since the parties were unsuccessful in agreeing to the terms of a proposed relationship. Penzell has nothing more in its files than does your client and there is nothing in the world to prevent your client from retaining counsel to pursue the matters on its behalf, unless it refuses to pay for such legal services which appears to be the case. The fact that there is an ongoing fee dispute between Penzell and Premier does not create an attorney/client relationship. The Penzell law office's exercise of its rights under the Florida retaining lien does not create an attorney/ client relationship. There has never been such a relationship and you should disabuse your client from its obviously erroneous conclusion to the contrary.

     -----Original Message-----
     **From:** TMorris423@aol.com [mailto:TMorris423@aol.com]
     **Sent:** Friday, June 18, 2004 10:38 AM
     **To:** csavoie@pbl.com
     **Subject:** Premier v. Penzell

     Cathie--

      With respect to pending discovery issues in the above matter, we can confirm 7/7 for day 2 of Mr. DiFrancesco's deposition. I would like to receive those mid-July dates from you again. I have a trial in Middlesex scheduled for 7/12.

      If you would like to confer with me re issues concerning documents and answers to interrogatories, let me know of times that are good for you. I'll do it here on MV, if need be. I will be back in Boston late on 6/30.

     --Tom Morrissey

7/29/2004

# EXHIBIT "C"



# Posternak
POSTERNAK BLANKSTEIN & LUND LLP

September 15, 2004

Catherine J. Savoie
617-973-6274
617-722-4951 FAX
csavoie@pbl.com

***Via Facsimile and First Class Mail***

Thomas James Morrissey, Esq.
Hoisington & Morrissey
1506 Drift Road
Westport, MA 02790

RE:    Premier Capital, LLC v. Beverly Johnson Penzell
      U.S. District Court C.A. No 03-CV-12497

Dear Mr. Morrissey:

I am willing to wait until October to continue Mr. DeFrancisco's deposition; however, we must establish a date certain, as well as dates for the other 30(b)(6) witnesses. During October, I am currently available on the following days: October 5, 6, 13, 19 and 20. Please select from these dates and let me know on which date Mr. DeFrancisco will appear and on which dates the other 30(b)(6) witnesses will appear.

Additionally, I renew my efforts to schedule a discovery conference with you with regard to Premier's answers to interrogatories and Premier's document production. You have promised me such a discussion for many, many months now, but it has not occurred. If it does not occur within the next two weeks, I will move to compel and certify to the court that I attempted a discovery conference with you, but that you were uncooperative in scheduling.

In response to Premier's request for an estimate of the Penzell Law Office's damages, I have prepared the following rough estimate based on a preliminary review of the Penzell time and expense records. The figures are estimated minimums, exclusive of claims for attorneys' fees and multiple damages under Chapter 93A.

1.     Quantum meruit recovery for the fair and reasonable
      value of legal services on files which have gone to
      judgment but have not been collected:        $60,000.00

2.     Miscellaneous expenses and disbursements (including
      investigators' fees, charges for computer and other asset
      searches and the like):        $ 10,000.00

*Via Facsimile and First Class Mail*
September 15, 2004
Page 2

3.     As per Contingent Fee Agreement, Penzell's 30%           $(to be discovered)
        of funds collected by Premier to date:

Very truly yours,

Catherine J. Savoie

CJS:lcs

cc:     Beverly Penzell
        Steven Sussman, Esquire

ID # 406360v01/10105-40/ 09.15.2004

# EXHIBIT "D"

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

IN THE ESTATE OF:

KRIS EVAN PENZELL,                    PROBATE DIVISION
Deceased                              FILE NO.: 00-11 CA 60
_____/

ORDER PROVIDING DIRECTION PURSUANT TO MOTIONS
FOR COURT DIRECTION FILED BY INVENTORY ATTORNEY
AND FORMER INVENTORY ATTORNEY

THIS CAUSE CAME on to be heard on December 6, 2004 upon the Motions for
Court Direction filed by the current inventory attorney (Susan Irene Noe) and former
inventory attorney (Victor Rones). Upon hearing argument of both inventory attorneys,
counsel for the Personal Representative and counsel for Premier Capital, LLC
("Premier"), it is

ORDERED AND ADJUDGED as follows:

1.    Until his death on March 8, 2000, Kris Evan Penzell, Esq. primarily
      represented banks and other financial institutions, but neither he, in his
      individual capacity, nor Kris Evan Penzell, P.A. was neither retained to
      nor provided legal services to Premier.

2.    Upon Mr. Penzell's death, Attorneys Victor Rones and Susan Irene Noe,
      pursuant to Rule 1-3.8, Rules Regulating the Florida Bar ("Rule"), were
      successively appointed as inventory attorneys for Kris Evan Penzell, P.A.,
      with Mr. Rones acting as the first inventory attorney, and Ms. Noe the
      second and current inventory attorney.

3.    Neither Mr. Rones nor Ms. Noe, on behalf of themselves, the Estate of
      Kris Evan Penzell or Kris Evan Penzell, P.A., ever entered into a written
      agreement or otherwise agreed to provide legal services to Premier.

4.    With regard to the request by Premier for files maintained at Kris Evan
      Penzell, P.A. in connection with the accounts purchased by Premier from
      Bank of America, said files shall be copied forthwith by Kris Evan
      Penzell, P.A. and delivered directly to Premier's counsel in this
      proceeding, Thomas James Morrissey, Esq., c/o Premier Capital, LLC,
      226 Lowell Street, Wilmington, Massachusetts 01887.

5.    Delivery of said files shall be without prejudice to the Estate of Kris Evan
      Penzell and Kris Evan Penzell, P.A. to pursue their claims as they have or
      may have for attorneys fees and costs related to such files.

6.    The Court reserves jurisdiction in this matter to the extent prescribed by
      the Rule, Florida statutes or case law.

DONE AND ORDERED in Chambers in Miami-Dade County this 10 day of
December, 2004.

JOSEPH P. FARINA
CHIEF JUDGE
(Signed by Judge Lawrence Schwartz,
           Acting for Judge Farina)

Copies will be furnished to:
All counsel of record

LAWRENCE A. SCHWARTZ