

Beverly Johnson Penzell, Personal Representative
Estate of Kris E. Penzell
407 Lincoln Road, Suite 10-D
Miami Beach, FL 33139
Telephone:   (305) 531-3000
Facsimile:   (305) 531-5175

January 3, 2003

Sent via Facsimile (978) 694-4890
and U. S. Mail

Nick Maimonis,
Premier Capital LLC
226 Lowell Street
Wilmington, MA 01887

Dear Mr. Maimonis:

The only constructive manner in which to respond to your recent inquiry is to provide the following facts:

    1. Upon your request, I have provided on more than one occasion a copy of the Authority to Represent between my late husband's lawfirm and Bank of America for your review. You didn't want to commit to a responsibility for contingency fees due my husband's firm for the past work of obtaining the judgments yet you were calling our office repeatedly for information, which we provided. You seem to continue to assert that I have not provided a copy of the Authority to Represent. Is there a misunderstanding here?

    2. You verbally agreed to owing Kris E. Penzell, P.A. contingency fees upon any recovery however you wanted to reduce the amount from 30% to 25%. You submittted certain referrals for future work and you were going to present a new retainer agreement for review by the Inventory Attorney. To date, to my knoweldge we have not received this proposal.

    3. In the interim, exactly August 6, 2002 we provided a detailed report on the information and leads we had obtained, suggesting that the normal course of business would be to receive reimbursement for out of pocket costs and requested an opportunity to discuss agreeing to new terms for future work on the files.

Nick Maimonis, Premier Capital, LLC
January 3, 2003
Page Two

To my knowledge the only responses we received from you were a September, 2002 request to expend more costs and appear at a hearing on behalf of Premier Capital at which time I advised that I was confused because I had not heard back from you as to our status report and I was under the impression you were going to provide the retainer agreement; and a November correspondence which also seemed not to relate to our prior correspondences.

The above are some of the reasons I have suggested that there is a misunderstanding. Beginning this new year perhaps we can resolve these differences. Please advise.

Sincerely,

BEVERLY JOHNSON PENZELL, Personal
Representative, Estate of Kris E. Penzell