UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PREMIER CAPITAL, LLC,           )
                                )
        Plaintiff,              )
                                )   Civil Action No.
    v.                          )   03-CV-12497-NG
                                )
BEVERLY JOHNSON PENZELL, d/b/a  )
Law Office of Kris E. Penzell;  )
and BEVERLY JOHNSON PENZELL, as )
Personal Representative of the  )
Estate of Kris E. Penzell,      )
                                )
        Defendants.             )

PLAINTIFF PREMIER CAPITAL, LLC'S OPPOSITION
TO DEFENDANT BEVERLY JOHNSON PENZELL'S MOTION TO COMPEL

Pursuant to Local Rule 7.1(b)(2), plaintiff Premier Capital, LLC ("Premier"), by its attorney, opposes defendant Beverly Johnson Penzell's motion "for an order compelling Premier [] to disclose information related to Premier's purchase of a pool of 84 judgments from the Bank of America in November 2001" on the ground that such "information" has nothing to do with any issue of liability or damages in this action, and accordingly is beyond the scope of discovery under Fed. R. Civ. P. 26.

FACTUAL BACKGROUND

This action concerns numerous final judgments ("Judgments") in collection matters ("Florida collection matters") brought in State of Florida courts. Premier

purchased such judgments from its predecessor as judgment creditor in such matters, Bank of America, N.A. ("BofA"). The Florida collection matters form only part of Premier's purchase: they were bought in bulk, and were not discretely valued or sold (as extensive discovery in this case has shown).

A now-deceased Florida attorney, Kris E. Penzell, represented Premier's predecessors-in-interest in obtaining the Judgments.  Following Mr. Penzell's death, his spouse and Personal Representative, defendant Penzell, retained the files in the Florida collection matters, purported to perform legal services in them, and, following Premier's purchase of the Judgments from BofA, refused to return the files or cooperate in transmitting them to Premier or successor counsel.

Premier brought this action to, <u>inter alia</u>, obtain the files' return to Premier so that successor counsel could be engaged and the Judgments collected.  Premier additionally seeks damages to its interests during the period in which Penzell improperly retained the files and blocked collection activity.

Stated differently, Premier's damages concern each Judgment's discrete, outstanding amount; Penzell's conduct;

2

and resulting impairment of Premier's interests in the Judgments, in light of prospects for collection. (This case has seen considerable discovery already on all of these issues.)

## ARGUMENT

The Information Penzell Seeks Has No Relation to Any Plausible Theory of Liability or Damages in This Action, and Her Motion Should be Accordingly Denied.

Penzell grounds her motion in a baseless theory of damages amounting to a diversion from the real issues in this case. Her theory seems to be that, since Premier paid a discounted, bulk amount for the "group of" Judgments relative to their unsatisfied amounts, Premier's damages should be capped at such discounted amount. As a matter of law, this contravenes the law of assignments and cannot be sustained.

In her motion, Penzell asserts that the amount Premier paid BofA "is relevant to the purported value of the judgments in question". Defendant's Memorandum at 4. "[I]mportantly," she argues, "[the amount paid is] relevant to whether the judgments at issue have little or no value . . . [and] is at very least reasonably calculated to discovering the value of the 19 judgments at issue in this case." Id. at 6.

3

Precisely the opposite is true.  As a matter of law, the amount Premier paid has nothing whatever to do with the value of the Judgments or with Premier's remedies, as BofA's assignee as judgment creditor, respecting the Judgments.  It is therefore irrelevant to the present action, and Penzell's motion should be denied.

Penzell's reasoning—that the loan sale purchase price "is relevant to the purported value of the judgments in question", id. at 4-contradicts rudimentary principles of the law of assignments.  Judgments are assignable under Florida law, and an assignee steps into the shoes of its assignor.  See Kahn v. American Surety Co. of New York, 120 Fla. 50, 58, 162 So. 335 (1935).  "'It is . . . well settled that the assignment of a judgment necessarily carries with it the cause of action on which it is based, together with all the beneficial interest of the assignor in the judgment, and all its incidents . . . Such an assignment entitles the assignee to use every remedy, lien, or security available to the assignor as a means of enforcing the judgment." Armour & Co. v. Lambdin, 154 Fla. 86, 16 So.2d 805 (1944).  See also Provident Co-operative Bank v. James Talcott, Inc., 358 Mass. 180, 188 (1970 (assignee of mortgage "'succeeds to the

rights of [the assignee] in relation to the debt or claim, and its rights, remedies, or securities").

Under these principles, Premier fully stepped into BofA's shoes as BofA's assignee.[1]  As a matter of law, the Judgments' "value" has not been discounted, now that Premier is judgment creditor.  The Florida judgment debtors, for example, are unable to avoid liability by inquiring into the consideration for the assignment.  Massachusetts law is identical.  See Graustein v. Boston & Maine Railroad, 304 Mass. 23, 26 (1939) ("[i]t is not necessary that there should be any consideration for an assignment where the question arises between the assignee and the debtor"), citing Cosmopolitan Trust Co. v. Leonard Watch Co., 249 Mass. 14, 19 (1924).

The starting-points for damage analysis are the Judgments' respective, unsatisfied amounts.  As judgment creditor, Premier is indubitably entitled to full satisfaction of the Judgments—not to some lesser, discounted amount.  The Premier-BofA transaction sum has nothing to do

---

[1] Penzell does not contest the fact or validity of the BofA-Premier transaction.  To the contrary, she contends in her counterclaim that her late husband's contractual relationship with BofA requires Premier to pay her fully for his services.  She wants to have it both ways: Premier stepped into BofA's shoes for purposes of full liability on the counterclaim, but, because the Judgments somehow "have little or no value", Defendant's Memorandum at 6, Premier damages must be greatly discounted and the Judgment amounts ignored.  This crosses the line from pleading in the alternative to bad faith.

with the Judgments' value, and therefore nothing to do with Premier's damage claims in this case. Penzell's motion should be denied forthwith, without a hearing.

Respectfully submitted,

PREMIER CAPITAL, LLC

By its attorney,

/s/Thomas James Morrissey
Thomas James Morrissey
BBO# 547077
164 Strathmore Road, Suite 25
Post Office Box 1336
Brookline, MA 02446
Tel.: (617) 787-3434

Dated: January 26, 2007

CERTIFICATE OF FILING AND SERVICE

The undersigned, counsel of record for plaintiff, certify that I filed the foregoing document by electronic filing with the Clerk's Office, United States District Court, District of Massachusetts, this 26th day of January, 2007.

Thomas James Morrissey
BBO# 547077