UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PREMIER CAPITAL, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>BEVERLY JOHNSON PENZELL, d/b/a<br>Law Office of Kris E. Penzell,<br>and BEVERLY JOHNSON PENZELL, as<br>Personal Representative of the<br>Estate of Kris E. Penzell,<br><br>      Defendants. | Civil Action No.<br>03-CV-12497-NG |

PLAINTIFF'S EMERGENCY MOTION TO
COMPEL WITH RESPECT TO THE SCHEDULING OF
<u>PENDING DEPOSITIONS</u>

Plaintiff Premier Capital, LLC ("Premier"), by its attorney, respectfully moves for an Order compelling the defendants to cooperate in the scheduling of their pending depositions, as the Court required defendants to do in the Court's Order dated July 3, 2007.

It is with the greatest reluctance that Premier seeks judicial intervention in this matter. However, defendants have failed to heed the Court's admonition that the "[t]he parties schedule depositions as needed for the week of July 16 unless both parties agree to a different time" (July 3 Order), in the following respects:

    1.  Counsel for defendants did not respond, much less agree to, Premier's proposed schedule for a week of

depositions during July 16.  Under Premier's proposed schedule, fact witnesses were to precede experts (see attached e-mail correspondence, Exhibit A).  Premier's counsel outlined this proposed order of deponents months ago.  Only on July 12, 2007, did defendants' counsel formally reject this proposed order, adding the eleventh-hour demand on July 12, 2007, that Premier's expert go first on Monday the 16th-- with none of defendants' witnesses available that day as an alternative.  In fact, Plantiff's expert is unavailable that day and cannot meet this last-minute demand for 16th.  Further, counsel did not indicate the city in which the Storfer deposition was to take place (Premier's expert is in Ft. Lauderdale).

2.  With these uncertainties—enough even to preclude Premier's counsel from booking a flight or a hotel room for July 16--he solicited defendants' counsel's cooperation on alternative dates (e-mail correspondence, id.).  Initially, defendants' counsel signaled flexibility (see e-mail dated July 6).  Then, on July 12, Premier's counsel was told that unless it fully accepted defendants' schedule for the July 16 week, with Premier's expert suddenly to go first, on a Monday, before any of defendants' witnesses, Premier's

2

rights to depose <u>any</u> of the defendants would be deemed waived.[1]  Such threat leads Premier to bring this motion.

3.  When this litigation began, Premier agreed with defendants' counsel to make its fact witnesses available first.  Premier scrupulously did so.  Months ago, Premier's counsel requested that, for reasons of logic and fairness, fact witness discovery (the Florida witnesses) precede expert discovery.  Counsel for defendants expressed no objection-- until the Court's July 3 Order, which defendants see as carte blanche to dictate to Premier: <u>no</u> depositions, Premier is told, unless Mr. Storfer goes first, on a Monday.

4.  The Court told the parties to cooperate, and Premier was extended inadequate cooperation respecting the July 16 week.  Now, defendants' counsel seeks to avoid depositions altogether by treating Premier's discovery rights as waived.  Premier has no choice but to move the Court for relief requiring defendants' cooperation in scheduling.  Ample time remains to schedule these depositions on a cooperative basis.

5.  Premier respectfully proposes as follows. Depositions shall take place either the week of July 23

---

[1] Premier plans to depose defendant Penzell, Inventory Attorneys Susan Noe and Victor Rones, and defendant's expert, Mr. Freshman.

and/or July 30, defendants' fact witnesses to precede the parties' respective experts. The venue shall be Mr. Freshman's office or another downtown Miami location-- for all depositions, including Mr. Storfer's. There is a 7 a.m American Airlines flight to Miami on Monday the 23rd, which will permit depositions to begin around 11 a.m. If this is not convenient in any respect for defendants, Premier will work with the defendants. But the Court should reject defendants' wholly unreasonable effort to prevent its witnesses from being deposed <u>at all</u> unless Mr. Storfer is deposed first, on a Monday. Nothing in the Court's July 3 Order justifies this attempt to vitiate Premier's discovery rights.

WHEREFORE, Premier respectfully requests that the Court allow its motion, directing the parties to cooperate in scheduling all remaining depositions and entering such further relief as the Court deems just.

PREMIER CAPITAL, LLC

By its attorney,

Thomas James Morrissey
BBO# 547077
164 Strathmore Road, Suite 25
Brookline, MA 02446
Tel.: (617) 787-3434

Dated: July 13, 2007

4

**From:** Joseph Corrigan <jcorrigan@PBL.COM>
**To:** tmorris423@aol.com
**Cc:** sas <s.sussman@verizon.net>
**Subject:** RE: Premier v. Penzell scheduling
**Date:** Thu, 12 Jul 2007 3:47 pm

Tom:

I just got in the office after being out at meeting this afternoon. You have had the judge's order for over a week and my e-mail since last Friday and yet you wait until late in the day on Thursday, the week before the depositions are to proceed, to address these issues. The delay here has consistently been on Premier's end, not mine.

Your e-mail response below mischaracterizes the record, Judge Gertner's order and my past correspondence, of which I have sent several, at least two of which have proposed a schedule as follows:

I am prepared, as I stated before, to move forward next week with the depositions controlled by Judge Gertner's order. As you will see from my past correspondence, I intend to depose Mr. Storfer on Monday, and you can depose Mr. Freshman on Tuesday. The inventory attorneys are available on Wednesday and Ms. Penzell Thursday and Friday.

If you reviewed my past correspondence and the motion for protective order, you will see that I had secured Jerry Freshman's office, and accordingly, that is where the judge has ordered the depositions to take place.

I am now in the office and available to discuss.

Joe

---

**From:** tmorris423@aol.com [mailto:tmorris423@aol.com]
**Sent:** Thursday, July 12, 2007 3:39 PM
**To:** Joseph Corrigan
**Subject:** Re: Premier v. Penzell scheduling

Joe--

I am a bit unclear about your response to my e-mail, and there are a number of issues apart from scheduling which we must address before depositions can go forward. (For example, you told me you would look into the availability of Mr. Freshman's offices as a venue; this will, in turn, dictate the hotel I will book.)

I have spoken to Mr. Storfer regarding his schedule. He is traveling from Ft. Lauderdale, and accordingly prefers to begin at around lunchtime. How long to do you plan to take with him? I suspect that his deposition may be longer than Mr. Freshman's, given Mr. Storfer's involvement with post-Penzell collection activity. if I am right, this is a scheduling matter we need to discuss. Perhaps the Storfer and Freshman depositions can be scheduled for a time post-Mr. Freshman's vacation and prior to 8/2.

You have also indicated in the past that you would coordinate scheduling on behalf of Ms. Noe and Mr. Rones. I assume they are included in your reference to "my people". We need to map out a schedule that includes them, and, of course, Ms. Penzell. Last spring, I outlined with you in detail a proposed, week-long schedule, but you did not address this in your mail below. I look forward to working out such a schedule with you.

Finally, there is the less logistically complicated, but still open issue, of what, if any, Premier depositions you may want to take/resume. You have noticed Mr. Maimonis's deposition, and the depositions of Mr. Gleicher and Mr. DiFrancesco have not formally concluded. This may impact on scheduling as well.

I will take your e-mail below to mean that we will negotiate a schedule in good faith with a view to wrapping up all, or as much of, the foregoing as we can before the forthcoming conference before Judge Gertner. With so many open issues, I believe we have not laid the groundwork to go forward next week. I am, however, intent on

resolving these matters at your earliest convenience.

--Tom



-----Original Message-----
From: Joseph Corrigan <jcorrigan@PBL.COM>
To: tmorris423@aol.com
Cc: sas <s.sussman@verizon.net>
Sent: Fri, 6 Jul 2007 4:31 pm
Subject: RE: Premier v. Penzell scheduling

Tom:

I want to depose your expert. That can occur during the week of the 16th or any time before we go before Judge Gertner. However, if it is the only deposition we do down there, then I want to hold it on a Friday. My people are available the week of July 16th if you want to depose them. Jerry Freshman is only available through July 18th and then is returning to his vacation. You can depose all or some of them during that week if you like, or not.

I am available to discuss this as well (617) 973-6151.

Joe

---

**From:** tmorris423@aol.com [mailto:tmorris423@aol.com]
**Sent:** Friday, July 06, 2007 4:25 PM
**To:** Joseph Corrigan
**Subject:** Premier v. Penzell scheduling

Joe--

I read the Court's decision on your client's recent motion for protective order to direct us to consult regarding scheduling of depositions. Is it your preference to schedule them during the third week of July, the week to proceed along the lines we previously discussed, or some other time? And do you intend to conduct/resume any Premier depositions? Please let me know.

--Tom

---

AOL now offers free email to everyone. Find out more about what's free from AOL at **AOL.com**.

To ensure compliance with the requirements imposed on us by IRS Circular 230, we inform you that any tax advice contained in this communication (including any attachments) is not intended to and cannot be used for the purpose of: (i)avoiding tax-related penalties under the Internal Revenue Code, or (ii)promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

To ensure compliance with the requirements imposed on us by IRS Circular 230, we inform you that any tax advice contained in this communication (including any attachments) is not intended to and cannot be used for the purpose of: (i)avoiding tax-related penalties under the Internal Revenue Code, or (ii)promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.