UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. 03-CV-12497

| | |
|---|---|
| PREMIER CAPITAL, LLC | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BEVERLY JOHNSON PENZELL, | ) |
| d/b/a Law Office of Kris E. Penzell | ) |
| and BEVERLY JOHNSON | ) |
| PENZELL, as Personal | ) |
| Representative of the Estate of | ) |
| Kris E. Penzell | ) |
|     Defendants. | ) |

**DEFENDANT BEVERLY JOHNSON PENZELL'S
OPPOSITION TO PLAINTIFF PREMIER CAPITAL, LLC'S
MOTION TO COMPEL WITH RESPECT TO
THE SCHEDULING OF PENDING DEPOSITIONS**

Defendant, Beverly Johnson Penzell ("Ms. Penzell"), hereby opposes Plaintiff Premier Capital, LLC's ("Premier") Motion to Compel With Respect to the Scheduling of the Pending Depositions.

Ms. Penzell obtained an order from this Court on July 3, 2007, that the depositions in question are to proceed during the week of July 16, 2007. Despite having this Court's order since July 3, 2007, Premier waited until yesterday, July 12, 2007 to make any effort to address scheduling of the depositions and had yet to even secure its own expert's availability during the week of July 16th. See Exhibit A, E-mail from Joseph W. Corrigan to Thomas Morrisey dated July 12, 2007. Instead, Premier's counsel contacted counsel for Ms. Penzell and suggested that the discovery not proceed because there were too many "open issues" regarding scheduling. See id. Counsel for Ms. Penzell immediately called counsel for Premier and informed him that there were no issues from Ms. Penzell's perspective and that his witnesses: Jerald Freshman (expert),

Susan Noe, Victor Rones and Ms. Penzell had secured their availability back in June and were prepared to be available as follows:

| | |
|---|---|
| Tuesday: | Jerald Freshman |
| Wednesday: | Susan Noe/Victor Rones |
| Thursday: | Beverly Penzell |
| Friday: | Beverly Penzell |

This is not the first time that Ms. Penzell has communicated this proposed schedule or witness order to Premier.

Indeed, Ms. Penzell secured dates and even proposed this same order a month ago. See Exhibit B, E-mail from Joseph Corrigan to Thomas Morrissey dated June 14, 2007. As the Court is already aware, Premier did not even respond, let alone object, to the proposed order of witnesses at any time over the past month.

During yesterdays ad hoc scheduling conference necessitated by Premier's refusal to proceed with the discovery, counsel for Ms. Penzell indicated that his witnesses were not going to change their schedules at this late hour and that they would be available as instructed by this Court during the week of July 16th. Premier's counsel did not cite any issues with respect to Mr. Storfer's availability at that time. Indeed, during the call counsel for Premier indicated that he was unaware of Mr. Storfer's schedule for the week of July 16th. Instead, counsel for Premier took the position that it was possible to fly down to Florida, book hotel rooms and secure the availability of his witness for the start of the depositions on Monday, July 16th.

As an alternative, counsel for Ms. Penzell suggested that in the event that Premier elected not to proceed with the discovery as to her 4 witnesses during the week of July 16th, he would work with Premier to secure an alternative time to depose Premier's expert, Richard Storfer.

With the goal of avoiding the expense associated with traveling to Florida twice to conduct the Florida discovery, Ms. Penzell has been flexible in offering to depose Premier's expert during an alternative week. This was an offer previously extended to Premier on July 6, 2007. See Exhibit C, E-mail from Joseph Corrigan to Thomas Morrissey dated July 6, 2007. As set forth above, Premier made no effort to respond to this offer or even address scheduling issues until yesterday, July 12, 2007.

Ms. Penzell remains committed to taking the discovery at issue, but it is inappropriate that her witnesses now be forced to change their schedules again because Premier has made no effort to comply with the Court's order and address the scheduling of the depositions. Premier was previously made aware that Ms. Penzell's expert, Jerald Freshman, is to leave for vacation on July 18th. See Exhibit C. Moreover, Susan Noe and Victor Rones, who are also attorneys, have been asked to secure dates for their depositions several times and secured the current dates nearly three to four weeks ago. Finally, it was Premier that asked Ms. Penzell to be available for two days during the week the depositions proceed (despite the Federal Court limitation of 8 hours per deposition). Accordingly, a month ago she cleared July 19th and 20th from her work schedule for this purpose.

Contrary to Premier's assertions, there has never been any other witness schedule or witness order proposed by the parties. Moreover, the schedule set forth above was set forth for Premier in numerous phone messages that were left unreturned over the past month. If Premier is concerned about its expert testifying before some of the fact witnesses give their depositions, Ms. Penzell has no objection to Mr. Storfer supplementing his report to reflect the testimony of those witnesses. It should be noted that Ms. Penzell's expert is subject to the same issue under the proposed schedule and no advantage is gained as the schedule has currently been proposed.

3

Finally, it is entirely inappropriate for Premier to now seek sanctuary from this Court, when it was Premier's delay and unresponsiveness for over a month that caused Ms. Penzell to have to seek the Order of July 3, 2007. In it is ironic, that it was Premier that opposed Ms. Penzell's motion for protective order indicating that the parties should simply work together in scheduling the discovery as opposed to filing motions with the Court. Despite this position, Premier did nothing to schedule the depositions and now attempts to portray itself as the victim of Ms. Penzell's purported unreasonableness.

Premier's motion should be denied and if the discovery does not proceed as instructed by this Court during the week of July 16th, Ms. Penzell respectfully requests her costs associated with prosecuting these discovery motions.

        Respectfully submitted,
        BEVERLY JOHNSON PENZELL,
        By her attorneys,

        /s/ Joseph W. Corrigan
        Catherine J. Savoie, BBO#544599
        Joseph W. Corrigan, BBO#647393
        POSTERNAK, BLANKSTEIN & LUND, L.L.P.
        Prudential Tower
        800 Boylston Street
        Boston, MA  02199-8004
        617.973.6100

Dated: July 13, 2007

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                              /s/ Joseph W. Corrigan
                                              Joseph W. Corrigan