UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. 03-CV-12497

| | |
|---|---|
| PREMIER CAPITAL, LLC | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | ) |
| | ) |
| BEVERLY JOHNSON PENZELL, | ) |
| d/b/a Law Office of Kris E. Penzell | ) |
| and BEVERLY JOHNSON | ) |
| PENZELL, as Personal | ) |
| Representative of the Estate of | ) |
| Kris E. Penzell | ) |
|       Defendants. | ) |

**<u>DEFENDANT BEVERLY JOHNSON PENZELL'S
MOTION FOR SUMMARY JUDGMENT
AND REQUEST FOR ORAL ARGUMENT</u>**

The Defendant, Beverly Johnson Penzell ("Ms. Penzell") moves, pursuant to Fed.R.Civ.P. 56, for judgment on both counts of the complaint in this matter, Count I (Conversion) and Count II (Violation of M.G.L. 93A), on the grounds that the plaintiff Premier Capital, LLC ("Premier") has no reasonable expectation of proving any of the elements of its claims against Penzell.

Ms. Penzell is the widow of Kris E. Penzell, a creditor's rights attorney who practiced law in Miami, Florida in his solo practice, the Law Office of Kris Penzell, P.A. Kris Penzell passed away on March 8, 2000 and Ms. Penzell was appointed the Personal Representative of his Estate ("the Estate") on March 30, 2000. In 2001, Premier purchased 19 judgments from one of Kris Penzell's clients. The judgments were previously obtained by Kris Penzell. After

unsuccessfully trying to collect on the judgments Premier made demand upon Ms. Penzell for Kris Penzell's litigation files with regard to the judgments.

When Ms. Penzell refused to produce the files, Premier initiated this action, alleging that Ms. Penzell wrongfully converted *Premier's* litigation files and committed unfair and deceptive acts and practices pursuant to Chapter 93A. The undisputed facts demonstrate that summary judgment is warranted for Ms. Penzell because:

1) Premier was <u>never</u> a client of Kris Penzell, and therefore the files in dispute were <u>never</u> Premier's litigation files under controlling Florida law:

2) Ms. Penzell had a duty to the Estate to assert a retaining lien under Florida law over the files in order to secure payment of monies due the Estate on the files, and her conduct in refusing to produce the Estate's files to Premier was fully authorized by Florida law;

3) Consistent with her fiduciary duty to the Estate, Ms. Penzell properly sought permission from the Florida Probate Court to release the files to Premier which permission was granted in December 2004.

4) Ms. Penzell promptly released the files;

5) Premier has had copies of the files in its possession since December of 2004 and has failed to identify a single asset that dissipated during the time Ms. Penzell lawfully retained the files;

6) Ms. Penzell committed no unfair act or practice as a matter of law; and

7) All of the conduct complained of occurred entirely in the State of Florida, where the files, the underlying judgments, the judgment debtors and the assets were located. Moreover, Premier's alleged loss – its inability to collect on the judgments – occurred in Florida, not Massachusetts, warranting dismissal of Premier's Chapter 93A claim.

2

For all of the above reasons, and as stated more fully in the accompanying memorandum of law in support of summary judgment, the defendant respectfully requests that summary judgment enter in her favor on both counts of Premier's complaint.  In further support of this motion, Ms. Penzell submits:

1)       The Affidavit of Joseph Corrigan to which are attached select excerpts and exhibits from the depositions of Beverly Johnson Penzell, Victor Rones, Susan Noe, Paul George, Jerald Freshman, Richard Storfer, Orders of the 11th Judicial Circuit Court in Florida, Judgments obtained by the Law Office of Kris Penzell, Documents Produced By Premier in Response to this Court's Order, Documents Produced Under Subpoena By Bank of America, and select pleadings of Premier and Orders of this Court; and

2)       The Affidavit of Beverly Johnson Penzell and attachments to same.

Ms. Penzell respectfully request that the Court allow oral argument on this motion.


Respectfully submitted,

BEVERLY JOHNSON PENZELL,
By her attorneys,


/s/  Joseph W. Corrigan
Catherine J. Savoie, BBO# 544599
Joseph Corrigan, BBO#647393
POSTERNAK, BLANKSTEIN & LUND, L.L.P.
Prudential Tower
800 Boylston Street
Boston, MA  02199-8004
617.973.6100


Dated: October 31, 2007

ID # 461479v04/10105-40/ 10.31.2007