## CONTINGENCY FEE AGREEMENT

This Contingency Fee Agreement ("Agreement") is entered into this _23_ day of _December_, 199_8_, by and between NationsBank, N.A. ("Bank") and _____Kris Pennell_____ (the "Attorney").

I. **FEES AND COSTS**.

   A. **Fees**.

   The Attorney's fees for matters forwarded pursuant to this Agreement and the Contingency Attorney Referral attached hereto as Exhibit A ("Matters") shall be wholly contingent upon collection and shall be at the rate of thirty percent (30%) contingency basis on all amounts collected, unless otherwise designated in writing by Bank.

   B. **Costs**.

   In no event shall the Attorney incur any reasonable expenses in excess of $250.00 with respect to any matter without the Bank's prior approval. Costs shall include actual costs incurred in connection with the preparation and prosecution of the Matter and must be within the limits set forth in the Bank's Procedures for Outside Counsel, which are hereby incorporated by reference. Costs shall be billed each month and identified as to each corresponding Matter.

   C. **Application of Collected Funds**.

   In the event that the Attorney collects any funds as the result of prosecution of a Matter, the Firm shall be entitled to apply said funds as follows: (i) first, to reimbursement of any costs incurred and not previously reimbursed, (ii) second, to reimburse Bank for any costs already billed and paid by Bank, (iii) third, to the Attorney to pay the thirty percent (30%) contingency fee, and (iv) to the Bank.

   D. **Remittance of Funds**.

   The Attorney shall be responsible for collection of all monies due from debtors on all Matters subject to this Agreement. The Firm shall be permitted to deduct the agreed costs and contingency fees from the funds collected and must remit the remaining balance of all such funds collected to Bank no later than fifteen (15) days from receipt of each payment in the Attorney's office. The Attorney shall provide the Bank with a full accounting of each such remittance at the time of payment

thereof. In addition to the above, the Attorney shall provide to the Bank a monthly accounting of all monies received and all payments made with respect to each Matter during the prior month. In the event the Bank directly receives funds on a Matter, Bank agrees to process such payment and forward to the Firm the appropriate contingency fee within thirty (30) days from receipt thereof.

II. **WORK TO BE PERFORMED.**

Each Matter subject to this Agreement may require one or more of the following types of collection efforts. In addition, other methods of collection may be required. The time deadlines indicated below in Section II of this Agreement can be modified with the express consent of the Bank.

A. **Review Credit File and Determine Litigation Probability.**

Within thirty (30) days of receipt of the Matter, the Attorney will review the credit and collateral files applicable to each Matter and will prepare a written summary report to reflect the status of the file and the Bank's position. This review includes a recommendation as to whether action, including litigation, against the collateral and/or the obligors is feasible. If it is determined that the debt is uncollectable or that the costs to collect the debt outweigh the benefits of collection, the Attorney agrees to return the file to the Bank at no charge.

B. **Demand On Debtor.**

The Attorney will make formal written demand on the debtor for payment of the indebtedness within forty-five (45) days of receipt of the Matter.

C. **Litigation.**

Within ninety (90) days of receipt of the Matter, if the Bank expressly determines that litigation should be filed against the debtor, the Attorney will investigate the facts necessary to prepare the lawsuit, file the lawsuit and prepare and file an initial set of discovery requests.

D. **Bankruptcy.**

If a debtor files for bankruptcy protection, the Attorney will immediately notify the Bank in writing and will thereafter file a Notice of Appearance. With the permission and assistance of the Bank, the Attorney will file a Proof of Claim, even if the bankruptcy

2

notice indicates that the Matter is a "no asset" case, and Motion For Relief From Stay as required under the circumstances.

E. <u>Post-Judgment Collection Efforts</u>.

Once a final judgment has been entered against a debtor, the Attorney agrees to initiate appropriate post-judgment proceedings, including, but not limited to, recording judgments in the appropriate jurisdictions, post-judgment discovery, garnishment proceedings, obtaining writs of execution and other proceedings as may be appropriate in the applicable jurisdiction.

III. <u>STATUS REPORTS</u>.

The Attorney shall keep the Bank informed of the status of each Matter by timely sending the Bank a copy of all correspondence and pleadings involved in each Matter. In addition upon request, the Attorney shall provide the Bank a status report on any or all Matters that the Attorney is handling in the form attached as Exhibit B.

IV. <u>SETTLEMENTS</u>.

In the event that the debtor in a particular Matter indicates a willingness to resolve the Matter for less than the full amount of the debt owed to Bank, the Attorney may settle such Matter only with the written consent of Bank.

V. <u>COUNTERCLAIMS</u>.

In the event a counterclaim should be filed against the Bank in any Matter, the Attorney shall immediately notify Bank of the same and Bank shall have the right to elect to transfer the Matter to another counsel of Bank's choice. On such transfer, the Firm shall provide Bank with a written invoice showing the number of hours expended on the Matter at an hourly rate of $110.00 per hour, and Bank may elect to either (i) pay the invoice in full satisfaction of the Attorney's claims as to the Matter, or (ii) pay the Attorney a reduced contingency fee of fifteen percent (15%) of all funds collected by Bank following transfer. In the event a counterclaim which has resulted in a transfer is later resolved, Bank may elect to return the Matter to the Attorney at the Attorney's regular contingency rate, and to the extent Bank has paid the Attorney an hourly fee as set forth above, the amount of said hourly fee paid shall be deducted from the contingency amount upon any later collection of Bank's claim. In the event the Matter remains

with the Attorney, the manner in which the counterclaim shall be handled shall be determined on a case by case basis.

VI. **TERMINATION.**

    A. **For Cause.**

In the event the Attorney fails to timely or fully remit any amount due to Bank, or fails to do any other act required by this Agreement or fails to perform said act in a timely manner, Bank may at any time notify the Firm in writing of its concerns and objections. The Firm shall have thirty (30) days from the date of such notice to take corrective action. If, at the end of the thirty (30) day period, all problems have not been resolved to Bank's full satisfaction, Bank shall have the unilateral right, in its sole and absolute discretion to terminate this Agreement by notice to the Firm in writing, and to withdraw any and all files Bank deems necessary to effect the termination.

    B. **Without Cause.**

At any time after one (1) year following the date of this Agreement, Bank may terminate this Agreement for any reason or for no reason at all. Notice of termination shall be in writing and shall be effective thirty (30) days after receipt.

    C. **Bank Recall.**

From time to time, Bank may recall a Matter for any reason or no reason at all from Attorney and reserves the right to take such action. In such instances, the Attorney agrees to return all original files and documents related to the recalled Matter within fifteen (15) days from notification. If a matter is recalled, Attorney will be compensated as indicated in paragraph D below.

    D. **Payment Upon Termination.**

Upon termination as set forth in Section A above, the Attorney shall be entitled to compensation as follows: (i) as to any Matters in which a payment agreement has been previously reached with the debtor, the Attorney shall be entitled to collect its agreed contingency fee and all funds collected under such payment agreement; and (ii) as to Matters in which no payment agreement has been reached prior to termination, the Attorney shall provide the Bank with a written invoice for each terminated Matter showing the number of hours expended on each

4

terminated Matter at the hourly rate of $110.00 per hour and as to each individual Matter Bank may thereupon elect to either (i) pay said invoice in full satisfaction of the Firm's claims to each terminated Matter or (ii) pay the Attorney at a reduced contingency fee of fifteen percent (15%) of all funds collected by Bank, if any, following termination.

Upon termination as set forth in Sections B and C above, the Attorney shall be entitled to compensation as follows: (i) as to any Matters in which a payment agreement has been previously reached with the Debtor, the Attorney shall be entitled to collect its agreed contingency fee and all funds collected under such payment agreement; and (ii) as to Matters in which no payment agreement has been reached prior to termination, the Attorney shall provide the Bank with a written invoice for each terminated Matter showing the number of hours expended on each terminated Matter at the hourly rate of $110.00 per hour, and as to each individual Matter Bank may pay said invoice in full satisfaction of the firm's claims to each terminated Matter.

    E.    Attorney's Right To Terminate.

The Attorney has the right to terminate this Agreement by providing Bank with ninety (90) days' written notice of such termination. However, upon any such termination initiated by the Attorney, contingency fees for payment made after a termination date are waived.

VII.   RETENTION AND RETURN OF FILES

When a Matter is completed through collection or when collection efforts are abandoned, the Attorney shall maintain all records related thereto for a period of five (5) years. If this Agreement is terminated as set forth above, the Attorney shall return all original files and documents to Bank along with a complete set of all pleadings filed in the case within thirty (30) days from the date of termination.

VIII.  OTHERS MATTERS

    A.    Matters Outside Attorney's Service Area:

In the event Attorney is unable to handle a particular matter due to a defendant being located outside Attorney's usual service area, Attorney shall immediately contact Bank in writing to advise Bank of the circumstances. Bank shall thereupon have the option of authorizing attorney to employ the assistance of legal counsel in the area where

the defendant is located, subject to the Bank's prior written approval. In no event shall the Bank be responsible for fees beyond the agreed contingency fees set forth herein above and any proposed agreement with outside counsel engaged by Attorney shall be subject to prior written approval by Bank.

B.   Geographic Areas.

The Attorney will handle matters under this Agreement in the following areas: _____

The Attorney acknowledges that this Agreement is not an agreement for exclusive representation of the Bank by the Attorney in the Geographic Area and that the Bank reserves the right to send matters in the Geographic Area to other attorneys.

C.   Liability.

The Attorney will review the Bank's file and submit an accurate report based on the documents contained in the file. Since the file review is limited to the documents available in the Bank's file, the Attorney will not represent that the information is complete. Unless specifically engaged, the Attorney is not expected to search records or public filings not contained in the Bank's file. Unless expressly noted in the report, the report submitted is not a legal opinion on the perfection or priority of the Bank's lien on the collateral.

D.   Hold Harmless.

The Attorney agrees to comply with all laws, federal, state or local and, without limitation, the Fair Debt Collection Practices Act. The Attorney agrees to indemnify, release and hold the Bank harmless from any and all damages, claims, liability, debts, causes of action, claims for relief or loss of any kind, including all attorneys' fees, legal costs and expenses, arising from the Attorney's acts or omissions, the Attorney's violation of any law or the Attorney's negligence. The Attorney also holds the Bank harmless from the acts of the Attorney's servants, employees, agents, agencies or independent contractors. The Bank agrees to indemnify, release and hold the Attorney harmless from any and all damages, claims, liability, debts, causes of action, claims for relief or loss of any kind, including all attorney's fees, legal costs and expenses arising from the Bank's acts or omissions, Bank's violation of any law or Bank's negligence. Bank also holds the Attorney

6

harmless from the acts of Bank's servants, employees, agents, agencies or independent contractors.

E. **Full and Complete Agreement**.

This Agreement represents the full and complete understanding of the parties with respect to the subject matter hereof. This fully integrated Agreement shall supersede all prior and contemporaneous negotiations, discussions, representations, agreements and accords that are not expressly incorporated herein.

F. **Successors and Assigns**.

This Agreement shall inure to the benefit of each of the parties hereto shall be fully binding upon them and their respective heirs, personal representatives, and successors. In no event shall this Agreement be assignable by the Attorney.

G. **Applicable Law**.

This Agreement has been negotiated, executed and delivered, and shall be deemed to have been made in the State of North Carolina, and the validity of this Agreement, its construction, its interpretation and enforcement and the rights of the parties hereunder, shall be determined under, and governed by and construed in accordance with the laws of the State of North Carolina.

H. **Counterparts**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original. Said counterparts shall constitute but one in the same instrument and it shall be binding upon each of the undersigned individually as fully and completely as if all had signed but one instrument.

I. **Severability**

To the extent that any provision in this Agreement is held to be unenforceable, the remaining portions of the Agreement shall continue to have full force and effect and shall be interpreted to achieve the overall intentions of the parties hereunder.

7


J.   **Time is of the Essence**

The Attorney agrees and acknowledges that time is of the essence to this Agreement.


NationsBank, N.A.

By: _____
Name: Stephen B. Mayo
Title: Senior Counsel


**Kris E Penzell P.A.**
Name of Law Firm

By: _____
Name: Kris E. Penzell
Title: President


i:\mayo\cont-fee\forms\penzell

8