# *Premier Capital LLC*

**Notice of Default, Demand for Payment and Settlement Offer**

October 24, 2001

**Certified Mail Receipt#** 7099 3400 0010 8708 9094
**Returned Receipt Requested**

Mr. James Ward
13560 SW 144 Terrace
Miami, FL 33177

**Re:**  **Barnett Bank of South Florida, Account# 3779829 Judgment in the original amount of $26,107.93 dated October 23,1988: $60,069.70 outstanding as of October 23, 2001.**

Dear Mr. Ward:

Reference is hereby made to the described above (the "Obligation") and the accompanying loan documents executed and delivered in conjunction with the loan transaction by you as Borrower or Guarantor.

On October 3, 2001, the Obligation and accompanying loan documents were purchased by Premier Capital LLC (the "Obligee") pursuant to a Loan Sale Agreement with Bank of America successor in interest to Nations Bank, NA.

We are hereby notifying you that interest and principal have not been paid on the Obligation, when and as due in accordance with its terms. Accordingly we are considering this continued non-payment an act of **DEFAULT** under the Obligation and therefore are making **DEMAND** for prompt and full payment within thirty (30) days of all overdue amounts under the Obligation.

## OFFER OF SETTLEMENT

In order to resolve this matter quickly, without our company incurring additional cost, we are willing to accept either:  1) a **one time payment of $25,000.00** or 2) a **down payment of $15,000.00** and a **Settlement Note for $20,000.00** which shall bear interest **at an annual rate of 10% compounded daily**. Payments on the Settlement Note shall be in equal, timely, **monthly installments of $923.26 for the next 24 months**. If you default on the Offer of Settlement, this offer becomes null and void and your payments will be applied to the unpaid outstanding balance referenced above, accruing in accordance with the terms of the Note and this entire larger amount shall be due.

Failure to resolve this matter quickly means that interest, late fees and reasonable costs of collection continue to mount on your account. In addition, further efforts on our part increase our costs and prevent us from settling this matter for this reduced amount.

LKEP 00587

Premier Capital LLC
Page: 2
October 24, 2001

Please respond promptly. If we do not hear from you within three weeks from the date of this letter, we shall have no choice but to take such actions as may be appropriate under the law to enforce our rights and pursue our remedies against you.

We hereby reserve all of our rights and remedies contained in or relating to the Obligation and such other agreements and instruments ancillary thereto and advise you that all further costs, charges and expenses incurred by us, including reasonable attorneys' fees, in connection with the enforcement of the obligations and in connection with the exercise of our rights and remedies, together with interest, shall become additional indebtedness owed by you to us.

Our reference in this letter to certain conditions, breaches and defaults is not intended as a waiver of any others. You should be aware that any failure or delay on our part to exercise any right, remedy, power or privilege under any of the agreements and instruments referenced to above, or provided by statute or at law or in equity, or otherwise, is not intended and shall not impair or operate as a waiver of any such right, remedy, power or privilege or be construed as a waiver of any default or as an acquiescence therein. To the extent that the Loan Documents do not require formal written notice of default, we, by giving this notice to you, are not required to provide you with any further notice of these or other defaults.

You are to direct all payments to the attention of the undersigned at the address noted above with regard to the repayment of the Obligation. Your immediate attention to this matter is strongly recommended.

Very truly yours,
Premier Capital LLC

By:
Richard Gleicher

**PLEASE SEE YOUR RIGHTS UNDER THE DEBT COLLECTION PRACTICES ACT ATTACHED TO THIS LETTER AND MADE A PART HEREOF.**

LKEP 00588

# _____mier Capital LLC

**Notice of Default, Demand for Payment and Settlement Offer**

October 31, 2001

**Certified Mail Receipt#** 7099 3400 0010 8708 7892
**Returned Receipt Requested**

Mr. Carmine Brancaccio
260 Richards Road
Melbourne Beach, FL 32951-3059

**Re:** **Barnett Bank, Account# 3769770 Judgment in the original amount of $9,752.68 dated August 8, 1987: $ outstanding $23,654.92 as of October 31, 2001.**

Dear Mr. Brancaccio:

Reference is hereby made to the described above (the "Obligation") and the accompanying loan documents executed and delivered in conjunction with the loan transaction by you as Borrower or Guarantor.

On October 3, 2001, the Obligation and accompanying loan documents were purchased by Premier Capital LLC (the "Obligee") pursuant to a Loan Sale Agreement with Bank of America.

We are hereby notifying you that interest and principal have not been paid on the Obligation, when and as due in accordance with its terms. Accordingly we are considering this continued non-payment an act of **DEFAULT** under the Obligation and therefore are making **DEMAND** for prompt and full payment within thirty (30) days of all overdue amounts under the Obligation.

## OFFER OF SETTLEMENT

In order to resolve this matter quickly, without our company incurring additional cost, we are willing to accept either: 1) a **one time payment of $4,000.00** or 2) a **down payment of $500.00** and a **Settlement Note for $12,000.00** which shall bear interest at **an annual rate of 10% compounded daily**. Payments on the Settlement Note shall be in equal, timely, **monthly installments of $254.80 for the next 48 months**. If you default on the Offer of Settlement, this offer becomes null and void and your payments will be applied to the unpaid outstanding balance referenced above, accruing in accordance with the terms of the Note and this entire larger amount shall be due.

Failure to resolve this matter quickly means that interest, late fees and reasonable costs of collection continue to mount on your account. In addition, further efforts on our part increase our costs and prevent us from settling this matter for this reduced amount.

Please respond promptly. If we do not hear from you within three weeks from the date of this letter, we shall have no choice but to take such actions as may be appropriate under the law to enforce our rights and pursue our remedies against you.

---

226 Lowell Street • Wilmington, Massachusetts, 01887 • Phone (978) 661-9000 • Facsimile (978) 694-4890

LKEP 00166

October 31, 2001

We hereby reserve all of our rights and remedies contained in or relating to the Obligation and such other agreements and instruments ancillary thereto and advise you that all further costs, charges and expenses incurred by us, including reasonable attorneys' fees, in connection with the enforcement of the obligations and in connection with the exercise of our rights and remedies, together with interest, shall become additional indebtedness owed by you to us.

Our reference in this letter to certain conditions, breaches and defaults is not intended as a waiver of any others. You should be aware that any failure or delay on our part to exercise any right, remedy, power or privilege under any of the agreements and instruments referenced to above, or provided by statute or at law or in equity, or otherwise, is not intended and shall not impair or operate as a waiver of any such right, remedy, power or privilege or be construed as a waiver of any default or as an acquiescence therein. To the extent that the Loan Documents do not require formal written notice of default, we, by giving this notice to you, are not required to provide you with any further notice of these or other defaults.

You are to direct all payments to the attention of the undersigned at the address noted above with regard to the repayment of the Obligation. Your immediate attention to this matter is strongly recommended.

Very truly yours,
Premier Capital LLC

By:
Richard Gleicher

**PLEASE SEE YOUR RIGHTS UNDER THE DEBT COLLECTION PRACTICES ACT ATTACHED TO THIS LETTER AND MADE A PART HEREOF.**

LKEP 00167

# *Premier Capital, LLC.*

March 15, 2002

Certified Mail Receipt #7099 3400 0010 8708 7465
Return Receipt Requested
And First Class Mail

Idelia Chaka
12774 SW 263rd Terrace
Homestead, FL 33032-6913

**Re:** **Circuit Court of the 11th Judicial District, in and for Dade County, Case No. 87-06903 (08), Barnett Bank of South Florida, N.A., vs. Kiambu Chaka and Idella C. Chaka, a/k/a Idella Chaka a'k'a Idella C. Jackson; Judgment in the original amount of $64,418.85, dated 8/3/87; $158,929.25 outstanding as of 3/15/02.**

Dear Idelia Chaka,

Reference is hereby made to the Judgment described above (the "Judgment") and to the accompanying loan documents executed and delivered in conjunction with the loan transaction by you as Borrower or Guarantor.

On October 3, 2001, the Judgment and accompanying loan documents were purchased by Premier Capital, LLC., (the "Obligee") pursuant to a Loan Sale Agreement with Bank of America, successor in interest to Barnett Bank of South Florida, N.A..

We are hereby notifying you that interest and principal have not been paid on the Judgment, when and as due in accordance with its terms. Accordingly we are considering this continued non-payment an act of **DEFAULT** under the Judgment and therefore are making **DEMAND** for prompt and full payment within thirty (30) days of all overdue amounts under the Note.

## OFFER OF SETTLEMENT

In order to resolve this matter quickly, without our company incurring additional cost, we are willing to accept either: **1) a greatly reduced payment of $45,000.00 or 2) a one time payment of $1,000.00 and a Settlement Note for $72,000.00, which shall bear interest at an annual rate of 12%, compounded daily. Payments on the Settlement Note shall be in equal, timely, monthly installments of $1,500.00 each for the next 68 months.**

Failure to resolve this matter quickly means that interest charges and reasonable costs of collection continue to mount on your account. In addition, further efforts on our part increase our costs and prevent us from settling this matter for this reduced amount.

LKEP 00276

Premier Capital, Inc.
Page: 2
March 15, 2002

Please respond promptly. If we do not hear from you within thirty days from the date of this letter, we shall have no choice but to take such actions as may be appropriate under the law to enforce our rights and pursue our remedies against you.

We hereby reserve all of our rights and remedies contained in or relating to the Judgment, Note and such other agreements and instruments ancillary thereto and advise you that all further costs, charges and expenses incurred by us, including reasonable attorneys' fees, in connection with the enforcement of the obligations and in connection with the exercise of our rights and remedies, together with interest thereof, shall be secured by the mortgage, if any, and shall become additional indebtedness owed by you to us.

Our reference in this letter to certain conditions, breaches and defaults is not intended as a waiver of any others. You should be aware that any failure or delay on our part to exercise any right, remedy, power or privilege under any of the agreements and instruments referenced to above, or provided by statute or at law or in equity, or otherwise, is not intended and shall not impair or operate as a waiver of any such right, remedy, power or privilege or be construed as a waiver of any default or as an acquiescence therein. To the extent that the Loan Documents do not require formal written notice of default, we, by giving this notice to you, are not required to provide you with any further notice of these or other defaults.

You are to direct all payments to the attention of the undersigned at Premier Capital, LLC 226 Lowell Street Wilmington, MA 01887, with regard to the repayment of the Judgment Obligation. Your immediate attention to this matter is strongly recommended. Time is of the essence.

**This letter is an attempt to collect a debt and any information obtained will be used for that purpose.**


Sincerely,


Nick J. Maimonis

Encl.

**PLEASE SEE YOUR RIGHTS UNDER THE DEBT COLLECTION PRACTICES ACT ATTACHED TO THIS LETTER AND MADE A PART HEREOF.**

# *Premier Capital, LLC.*

March 18, 2002

Certified Mail Receipt #7099 3400 0010 8708 7182
Return Receipt Requested
And First Class Mail

Jeni L. Jayson-Herman
2880 NW 75th Terrace
Margate, FL 33063-7890

**Re:    Circuit Court of the 11th Judicial District in and for Dade County, Florida, Case No. 89-21884, Barnett Bank of South Florida vs. Jeni L. Jayson and d/b/a Infant Wear Etc.;  Judgment in the original amount of $7,460.58, dated 11/30/89; $17,582.17 outstanding as of 3/18/02.**

Dear Ms. Jayson-Herman. ,

Reference is hereby made to the Judgment described above (the "Judgment") and to the accompanying loan documents executed and delivered in conjunction with the loan transaction by you as Borrower or Guarantor.

On October 3, 2001, the Judgment and accompanying loan documents were purchased by Premier Capital, LLC., (the "Obligee") pursuant to a Loan Sale Agreement with Bank of America, successor in interest to Nationsbank, N.A.., successor to Barnett Bank, N.A.

We are hereby notifying you that interest and principal have not been paid on the Judgment, when and as due in accordance with its terms.  Accordingly we are considering this continued non-payment an act of **DEFAULT** under the Judgment and therefore are making **DEMAND** for prompt and full payment within thirty (30) days of all overdue amounts under the Note.

## OFFER OF SETTLEMENT

In order to resolve this matter quickly, without our company incurring additional cost, we are willing to accept either:  1) **a greatly reduced payment of $10,000.00** or 2) **a one time payment of $500.00 and a Settlement Note for $13,500.00, which shall bear interest at an annual rate of 10%, compounded daily.  Payments on the Settlement Note shall be in equal, timely, monthly installments of $500.00 each for the next 31 months.**

Failure to resolve this matter quickly means that interest charges and reasonable costs of collection continue to mount on your account.  In addition, further efforts on our part increase our costs and prevent us from settling this matter for this reduced amount.

226 Lowell Street • Wilmington, Massachusetts, 01887 • Phone (617) 753-6200 • Facsimile (617) 753-6201

LKEP 00447

Premier Capital, Inc.
Page: 2
March 18, 2002

Please respond promptly. If we do not hear from you within thirty days from the date of this letter, we shall have no choice but to take such actions as may be appropriate under the law to enforce our rights and pursue our remedies against you.

We hereby reserve all of our rights and remedies contained in or relating to the Judgment, Note and such other agreements and instruments ancillary thereto and advise you that all further costs, charges and expenses incurred by us, including reasonable attorneys' fees, in connection with the enforcement of the obligations and in connection with the exercise of our rights and remedies, together with interest thereof, shall be secured by the mortgage, if any, and shall become additional indebtedness owed by you to us.

Our reference in this letter to certain conditions, breaches and defaults is not intended as a waiver of any others. You should be aware that any failure or delay on our part to exercise any right, remedy, power or privilege under any of the agreements and instruments referenced to above, or provided by statute or at law or in equity, or otherwise, is not intended and shall not impair or operate as a waiver of any such right, remedy, power or privilege or be construed as a waiver of any default or as an acquiescence therein. To the extent that the Loan Documents do not require formal written notice of default, we, by giving this notice to you, are not required to provide you with any further notice of these or other defaults.

You are to direct all payments to the attention of the undersigned at Premier Capital, LLC 226 Lowell Street Wilmington, MA 01887, with regard to the repayment of the Judgment Obligation. Your immediate attention to this matter is strongly recommended. Time is of the essence.

**This letter is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,


Nick J. Maimonis

Encl.

**PLEASE SEE YOUR RIGHTS UNDER THE DEBT COLLECTION PRACTICES ACT ATTACHED TO THIS LETTER AND MADE A PART HEREOF.**

LKEP 00448

# *Premier Capital, LLC.*

March 18, 2002

Certified Mail Receipt #7099 3400 0010 8708 7427
Return Receipt Requested
And First Class Mail

Thomas W. Kenworthy
11833 SW 81ˢᵗ Road
Miami, FL 33156-4419

**Re:    County Court in and for Dade County, Florida, Case No. 85-8943 CC 05, Barnett Bank of South Florida vs. Thomas W. Kenworthy.;   Judgment in the original amount of $5,935.51, dated 7/8/86; $15,148.62 outstanding as of 3/18/02.**

Dear Mr. Kenworthy,

Reference is hereby made to the Judgment described above (the "Judgment") and to the accompanying loan documents executed and delivered in conjunction with the loan transaction by you as Borrower or Guarantor.

On October 3, 2001, the Judgment and accompanying loan documents were purchased by Premier Capital, LLC., (the "Obligee") pursuant to a Loan Sale Agreement with Bank of America, successor in interest to Nationsbank, N.A.., successor to Barnett Bank, N.A.

We are hereby notifying you that interest and principal have not been paid on the Judgment, when and as due in accordance with its terms. Accordingly we are considering this continued non-payment an act of **DEFAULT** under the Judgment and therefore are making **DEMAND** for prompt and full payment within thirty (30) days of all overdue amounts under the Note.

### OFFER OF SETTLEMENT

In order to resolve this matter quickly, without our company incurring additional cost, we are willing to accept either: **1) a greatly reduced payment of $5,000.00 or 2) a one time payment of $500.00 and a Settlement Note for $9,000.00, which shall bear interest at an annual rate of 10%, compounded daily. Payments on the Settlement Note shall be in equal, timely, monthly installments of $250.00 each for the next 44 months.**

Failure to resolve this matter quickly means that interest charges and reasonable costs of collection continue to mount on your account. In addition, further efforts on our part increase our costs and prevent us from settling this matter for this reduced amount.

226 Lowell Street • Wilmington, Massachusetts, 01887 • Phone (617) 753-6200 • Facsimile (617) 753-6201

LKEP 00464

Premier Capital, Inc.
Page: 2
March 18, 2002

Please respond promptly. If we do not hear from you within thirty days from the date of this letter, we shall have no choice but to take such actions as may be appropriate under the law to enforce our rights and pursue our remedies against you.

We hereby reserve all of our rights and remedies contained in or relating to the Judgment, Note and such other agreements and instruments ancillary thereto and advise you that all further costs, charges and expenses incurred by us, including reasonable attorneys' fees, in connection with the enforcement of the obligations and in connection with the exercise of our rights and remedies, together with interest thereof, shall be secured by the mortgage, if any, and shall become additional indebtedness owed by you to us.

Our reference in this letter to certain conditions, breaches and defaults is not intended as a waiver of any others. You should be aware that any failure or delay on our part to exercise any right, remedy, power or privilege under any of the agreements and instruments referenced to above, or provided by statute or at law or in equity, or otherwise, is not intended and shall not impair or operate as a waiver of any such right, remedy, power or privilege or be construed as a waiver of any default or as an acquiescence therein. To the extent that the Loan Documents do not require formal written notice of default, we, by giving this notice to you, are not required to provide you with any further notice of these or other defaults.

You are to direct all payments to the attention of the undersigned at Premier Capital, LLC 226 Lowell Street Wilmington, MA 01887, with regard to the repayment of the Judgment Obligation. Your immediate attention to this matter is strongly recommended. Time is of the essence.

**This letter is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

Nick J. Maimonis

Encl.

**PLEASE SEE YOUR RIGHTS UNDER THE DEBT COLLECTION PRACTICES ACT ATTACHED TO THIS LETTER AND MADE A PART HEREOF.**

LKEP 00465

# *Premier Capital, LLC.*

March 19, 2002

Certified Mail Receipt #7099 3400 0010 8708 7120
Return Receipt Requested
And First Class Mail

Hiram Martinez
5750 SW 112th Avenue
Miami, FL 33173-1136

**Re:**  **Circuit Court of the 11th Judicial District, in and for Dade County, Florida, Case No. 86-29468 (03), Barnett Bank of South Florida vs. Hiram Martinez; Judgment in the original amount of $29,090.63, dated 2/20/87; $86,072.45 outstanding as of 3/19/02.**

Dear Mr.. Martinez,

Reference is hereby made to the Judgment described above (the "Judgment") and to the accompanying loan documents executed and delivered in conjunction with the loan transaction by you as Borrower or Guarantor.

On October 3, 2001, the Judgment and accompanying loan documents were purchased by Premier Capital, LLC., (the "Obligee") pursuant to a Loan Sale Agreement with Bank of America, successor in interest to Nationsbank, N.A.., successor to Barnett Bank of South Florida.

We are hereby notifying you that interest and principal have not been paid on the Judgment, when and as due in accordance with its terms. Accordingly we are considering this continued non-payment an act of **DEFAULT** under the Judgment and therefore are making **DEMAND** for prompt and full payment within thirty (30) days of all overdue amounts under the Note.

## OFFER OF SETTLEMENT

In order to resolve this matter quickly, without our company incurring additional cost, we are willing to accept either: **1) a greatly reduced payment of $17,000.00** or **2) a one time payment of $1,000.00 and a Settlement Note for $30,000.00, which shall bear interest at an annual rate of 10%, compounded daily. Payments on the Settlement Note shall be in equal, timely, monthly installments of $650.00 each for the next 60 months.**

Failure to resolve this matter quickly means that interest charges and reasonable costs of collection continue to mount on your account. In addition, further efforts on our part increase our costs and prevent us from settling this matter for this reduced amount.

226 Lowell Street • Wilmington, Massachusetts, 01887 • Phone (617) 753-6200 • Facsimile (617) 753-6201

LKEP 00488

Premier Capital, Inc.
Page: 2
March 19, 2002

Please respond promptly. If we do not hear from you within thirty days from the date of this letter, we shall have no choice but to take such actions as may be appropriate under the law to enforce our rights and pursue our remedies against you.

We hereby reserve all of our rights and remedies contained in or relating to the Judgment, Note and such other agreements and instruments ancillary thereto and advise you that all further costs, charges and expenses incurred by us, including reasonable attorneys' fees, in connection with the enforcement of the obligations and in connection with the exercise of our rights and remedies, together with interest thereof, shall be secured by the mortgage, if any, and shall become additional indebtedness owed by you to us.

Our reference in this letter to certain conditions, breaches and defaults is not intended as a waiver of any others. You should be aware that any failure or delay on our part to exercise any right, remedy, power or privilege under any of the agreements and instruments referenced to above, or provided by statute or at law or in equity, or otherwise, is not intended and shall not impair or operate as a waiver of any such right, remedy, power or privilege or be construed as a waiver of any default or as an acquiescence therein. To the extent that the Loan Documents do not require formal written notice of default, we, by giving this notice to you, are not required to provide you with any further notice of these or other defaults.

You are to direct all payments to the attention of the undersigned at Premier Capital, LLC 226 Lowell Street Wilmington, MA 01887, with regard to the repayment of the Judgment Obligation. Your immediate attention to this matter is strongly recommended. Time is of the essence.

**This letter is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

Nick J. Maimonis

Encl.

**PLEASE SEE YOUR RIGHTS UNDER THE DEBT COLLECTION PRACTICES ACT ATTACHED TO THIS LETTER AND MADE A PART HEREOF.**

# *Premier Capital, LLC.*

March 19, 2002

Certified Mail Receipt #7099 3400 0010 8708 7144
Return Receipt Requested
And First Class Mail

Maria G. Mazon
7340 SW 158th Avenue
Miami, FL 33193-3307

**Re:    United States Bankruptcy Court, Southern District of Florida, Case No. 87-04227-BKC-AJC, Adversary Case No. 88-0566-BKC-AJC-A, Barnett Bank of South Florida vs. Domingo and maria G. Mazon;  Judgment in the original amount of $57,299.95, dated 6/18/89; $130,612.49 outstanding as of 3/19/02.**

Dear Ms. Mazon,

Reference is hereby made to the Judgment described above (the "Judgment") and to the accompanying loan documents executed and delivered in conjunction with the loan transaction by you as Borrower or Guarantor.

On October 3, 2001, the Judgment and accompanying loan documents were purchased by Premier Capital, LLC., (the "Obligee") pursuant to a Loan Sale Agreement with Bank of America, successor in interest to Nationsbank, N.A..

We are hereby notifying you that interest and principal have not been paid on the Judgment, when and as due in accordance with its terms.  Accordingly we are considering this continued non-payment an act of **DEFAULT** under the Judgment and therefore are making **DEMAND** for prompt and full payment within thirty (30) days of all overdue amounts under the Note.

## OFFER OF SETTLEMENT

In order to resolve this matter quickly, without our company incurring additional cost, we are willing to accept either:  1) **a greatly reduced payment of $50,000.00 or 2) a one time payment of $1,000.00 and a Settlement Note for $80,000.00, which shall bear interest at an annual rate of 10%, compounded daily.  Payments on the Settlement Note shall be in equal, timely, monthly installments of $1,250.00 each for the next 95 months.**

Failure to resolve this matter quickly means that interest charges and reasonable costs of collection continue to mount on your account.  In addition, further efforts on our part increase our costs and prevent us from settling this matter for this reduced amount.

226 Lowell Street • Wilmington, Massachusetts, 01887 • Phone (617) 753-6200 • Facsimile (617) 753-6201

LKEP 00551

Premier Capital, Inc.
Page: 2
March 19, 2002

Please respond promptly. If we do not hear from you within thirty days from the date of this letter, we shall have no choice but to take such actions as may be appropriate under the law to enforce our rights and pursue our remedies against you.

We hereby reserve all of our rights and remedies contained in or relating to the Judgment, Note and such other agreements and instruments ancillary thereto and advise you that all further costs, charges and expenses incurred by us, including reasonable attorneys' fees, in connection with the enforcement of the obligations and in connection with the exercise of our rights and remedies, together with interest thereof, shall be secured by the mortgage, if any, and shall become additional indebtedness owed by you to us.

Our reference in this letter to certain conditions, breaches and defaults is not intended as a waiver of any others. You should be aware that any failure or delay on our part to exercise any right, remedy, power or privilege under any of the agreements and instruments referenced to above, or provided by statute or at law or in equity, or otherwise, is not intended and shall not impair or operate as a waiver of any such right, remedy, power or privilege or be construed as a waiver of any default or as an acquiescence therein. To the extent that the Loan Documents do not require formal written notice of default, we, by giving this notice to you, are not required to provide you with any further notice of these or other defaults.

You are to direct all payments to the attention of the undersigned at Premier Capital, LLC 226 Lowell Street Wilmington, MA 01887, with regard to the repayment of the Judgment Obligation. Your immediate attention to this matter is strongly recommended. Time is of the essence.

**This letter is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

Nick J. Maimonis

Encl.

**PLEASE SEE YOUR RIGHTS UNDER THE DEBT COLLECTION PRACTICES ACT ATTACHED TO THIS LETTER AND MADE A PART HEREOF.**

LKEP 00552

# *Premier Capital, LLC.*

April 1, 2002

Certified Mail Receipt #7099 3400 0010 8708 6918
Return Receipt Requested
And First Class Mail

Ben Gross
800 Parkview Drive, Apt 703
Hallandale, FL 33009-2926

Re:   **In the Circuit Court of the 11th Judicial Circuit, in and for Dade County, Florida,
       Barnett Bank of South Florida, N.A. vs. Ricrdo Rios and Ben Gross; Judgment in
       the original amount of $12,310.66, dated 11/27/84; $33,775.05 outstanding as of
       4/1/02.**

Dear Mr. Gross,

Reference is hereby made to the Judgment described above (the "Judgment") and to the
accompanying loan documents executed and delivered in conjunction with the loan transaction
by you as Borrower or Guarantor.

On October 3, 2001, the Judgment and accompanying loan documents were purchased by Premier
Capital, LLC., (the "Obligee") pursuant to a Loan Sale Agreement with Bank of America,
successor in interest to Nationsbank, N.A., successor by merger to Barnett Bank of South Florida.

We are hereby notifying you that interest and principal have not been paid on the Judgment, when
and as due in accordance with its terms. Accordingly we are considering this continued non-
payment an act of **DEFAULT** under the Judgment and therefore are making **DEMAND** for
prompt and full payment within thirty (30) days of all overdue amounts under the Note.

## OFFER OF SETTLEMENT

In order to resolve this matter quickly, without our company incurring additional cost, we are
willing to accept either: 1) **a greatly reduced payment of $10,000.00** or 2) **a one time payment
of $750.00 and a Settlement Note for $15,000.00, which shall bear interest at an annual rate
of 10%, compounded daily. Payments on the Settlement Note shall be in equal, timely,
monthly installments of $550.00 each for the next 32 months.**

Failure to resolve this matter quickly means that interest charges and reasonable costs of
collection continue to mount on your account. In addition, further efforts on our part increase our
costs and prevent us from settling this matter for this reduced amount.

---

226 Lowell Street • Wilmington, Massachusetts, 01887 • Phone (617) 753-6200 • Facsimile (617) 753-6201

**LKEP 00649**

Premier Capital, Inc.
Page: 2
April 1, 2002

Please respond promptly. If we do not hear from you within thirty days from the date of this letter, we shall have no choice but to take such actions as may be appropriate under the law to enforce our rights and pursue our remedies against you.

We hereby reserve all of our rights and remedies contained in or relating to the Judgment, Note and such other agreements and instruments ancillary thereto and advise you that all further costs, charges and expenses incurred by us, including reasonable attorneys' fees, in connection with the enforcement of the obligations and in connection with the exercise of our rights and remedies, together with interest thereof, shall be secured by the mortgage, if any, and shall become additional indebtedness owed by you to us.

Our reference in this letter to certain conditions, breaches and defaults is not intended as a waiver of any others. You should be aware that any failure or delay on our part to exercise any right, remedy, power or privilege under any of the agreements and instruments referenced to above, or provided by statute or at law or in equity, or otherwise, is not intended and shall not impair or operate as a waiver of any such right, remedy, power or privilege or be construed as a waiver of any default or as an acquiescence therein. To the extent that the Loan Documents do not require formal written notice of default, we, by giving this notice to you, are not required to provide you with any further notice of these or other defaults.

You are to direct all payments to the attention of the undersigned at Premier Capital, LLC 226 Lowell Street Wilmington, MA 01887, with regard to the repayment of the Judgment Obligation. Your immediate attention to this matter is strongly recommended. Time is of the essence.

**This letter is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

Nick J. Maimonis

cc. Ricrdo Rios
Encl.

**PLEASE SEE YOUR RIGHTS UNDER THE DEBT COLLECTION PRACTICES ACT ATTACHED TO THIS LETTER AND MADE A PART HEREOF.**

LKEP 00650

# *Premier Capital, LLC.*

April 1, 2002

Certified Mail Receipt #7099 3400 0010 8708 6970
Return Receipt Requested
And First Class Mail

Lenear L. Gipson, Jr.
Sylvia F. Gipson
16835 NW 53rd Place
Opa Locka, FL 33055-4044

**Re:    County Court in and for Dade County, Florida, Barnett Bank of South Florida, N.A., vs. Lanier Gipson, et. al. ;  Judgment in the original amount of $7,556.46, dated 8/11/97;  $6,747.32 outstanding as of 4/1/02.**

Dear Mr. & Mrs. Gipson,

Reference is hereby made to the Judgment described above (the "Judgment") and to the accompanying loan documents executed and delivered in conjunction with the loan transaction by you as Borrower or Guarantor.

On October 3, 2001, the Judgment and accompanying loan documents were purchased by Premier Capital, LLC., (the "Obligee") pursuant to a Loan Sale Agreement with Bank of America, successor in interest to Nationsbank, N.A., successor by merger to Barnett Bank of South Florida, N.A..

We are hereby notifying you that interest and principal have not been paid on the Judgment, when and as due in accordance with its terms.  Accordingly we are considering this continued non-payment an act of **DEFAULT** under the Judgment and therefore are making **DEMAND** for prompt and full payment within thirty (30) days of all overdue amounts under the Note.

## OFFER OF SETTLEMENT

In order to resolve this matter quickly, without our company incurring additional cost, we are willing to accept either:  **1) a greatly reduced payment of $4,500.00 or 2) a one time payment of $500.00 and a Settlement Note for $6,000.00, which shall bear interest at an annual rate of 12%, compounded daily.  Payments on the Settlement Note shall be in equal, timely, monthly installments of $350.00 each for the next 19 months.**

Failure to resolve this matter quickly means that interest charges and reasonable costs of collection continue to mount on your account.  In addition, further efforts on our part increase our costs and prevent us from settling this matter for this reduced amount.

LKEP  00342

Premier Capital, Inc.
Page: 2
April 1, 2002

Please respond promptly. If we do not hear from you within thirty days from the date of this letter, we shall have no choice but to take such actions as may be appropriate under the law to enforce our rights and pursue our remedies against you.

We hereby reserve all of our rights and remedies contained in or relating to the Judgment, Note and such other agreements and instruments ancillary thereto and advise you that all further costs, charges and expenses incurred by us, including reasonable attorneys' fees, in connection with the enforcement of the obligations and in connection with the exercise of our rights and remedies, together with interest thereof, shall be secured by the mortgage, if any, and shall become additional indebtedness owed by you to us.

Our reference in this letter to certain conditions, breaches and defaults is not intended as a waiver of any others. You should be aware that any failure or delay on our part to exercise any right, remedy, power or privilege under any of the agreements and instruments referenced to above, or provided by statute or at law or in equity, or otherwise, is not intended and shall not impair or operate as a waiver of any such right, remedy, power or privilege or be construed as a waiver of any default or as an acquiescence therein. To the extent that the Loan Documents do not require formal written notice of default, we, by giving this notice to you, are not required to provide you with any further notice of these or other defaults.

You are to direct all payments to the attention of the undersigned at Premier Capital, LLC 226 Lowell Street Wilmington, MA 01887, with regard to the repayment of the Judgment Obligation. Your immediate attention to this matter is strongly recommended. Time is of the essence.

**This letter is an attempt to collect a debt and any information obtained will be used for that purpose.**


Sincerely,


Nick J. Maimonis

Encl.

**PLEASE SEE YOUR RIGHTS UNDER THE DEBT COLLECTION PRACTICES ACT ATTACHED TO THIS LETTER AND MADE A PART HEREOF.**

LKEP 00343

# *Premier Capital, LLC.*

April 1, 2002

Certified Mail Receipt #7099 3400 0010 8708 6949
Return Receipt Requested
And First Class Mail

Jack D. Hardee
PO Box 16182
Tampa, FL 33687-6182

**Re:** In the Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida, Barnett Bank of South Florida, N.A., vs. Redlands Air Conditioning & Refrigeration, Inc., Leon H. Acor, Jr., and Jack D. hardee; Judgment in the original amount of $13,307.98 dated 4/27/89; $26,899.06 outstanding as of 4/1/02.

Dear Mr. Hardee,

Reference is hereby made to the Judgment described above (the "Judgment") and to the accompanying loan documents executed and delivered in conjunction with the loan transaction by you as Borrower or Guarantor.

On October 3, 2001, the Judgment and accompanying loan documents were purchased by Premier Capital, LLC., (the "Obligee") pursuant to a Loan Sale Agreement with Bank of America, successor in interest to Nationsbank, N.A., successor by merger to Barnett Bank of South Florida, N.A..

We are hereby notifying you that interest and principal have not been paid on the Judgment, when and as due in accordance with its terms. Accordingly we are considering this continued non-payment an act of **DEFAULT** under the Judgment and therefore are making **DEMAND** for prompt and full payment within thirty (30) days of all overdue amounts under the Note.

**OFFER OF SETTLEMENT**

In order to resolve this matter quickly, without our company incurring additional cost, we are willing to accept either: **1) a greatly reduced payment of $11,000.00** or **2) a one time payment** of $500.00 and a Settlement Note for $21,000.00, which shall bear interest at an annual rate **of 10%, compounded daily. Payments on the Settlement Note shall be in equal, timely, monthly installments of $750.00 each for the next 33 months.**

Failure to resolve this matter quickly means that interest charges and reasonable costs of collection continue to mount on your account. In addition, further efforts on our part increase our costs and prevent us from settling this matter for this reduced amount.

LKEP 00404

Premier Capital, Inc.
Page: 2
April 1, 2002

Please respond promptly. If we do not hear from you within thirty days from the date of this letter, we shall have no choice but to take such actions as may be appropriate under the law to enforce our rights and pursue our remedies against you.

We hereby reserve all of our rights and remedies contained in or relating to the Judgment, Note and such other agreements and instruments ancillary thereto and advise you that all further costs, charges and expenses incurred by us, including reasonable attorneys' fees, in connection with the enforcement of the obligations and in connection with the exercise of our rights and remedies, together with interest thereof, shall be secured by the mortgage, if any, and shall become additional indebtedness owed by you to us.

Our reference in this letter to certain conditions, breaches and defaults is not intended as a waiver of any others. You should be aware that any failure or delay on our part to exercise any right, remedy, power or privilege under any of the agreements and instruments referenced to above, or provided by statute or at law or in equity, or otherwise, is not intended and shall not impair or operate as a waiver of any such right, remedy, power or privilege or be construed as a waiver of any default or as an acquiescence therein. To the extent that the Loan Documents do not require formal written notice of default, we, by giving this notice to you, are not required to provide you with any further notice of these or other defaults.

You are to direct all payments to the attention of the undersigned at Premier Capital, LLC 226 Lowell Street Wilmington, MA 01887, with regard to the repayment of the Judgment Obligation. Your immediate attention to this matter is strongly recommended. Time is of the essence.

**This letter is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

Nick J. Maimonis

Encl.

**PLEASE SEE YOUR RIGHTS UNDER THE DEBT COLLECTION PRACTICES ACT ATTACHED TO THIS LETTER AND MADE A PART HEREOF.**

# *Premier Capital, LLC.*

April 4, 2002

Certified Mail Receipt #7099 3400 0010 8708 7045
Return Receipt Requested
And First Class Mail

William E. Gerald, Jr.
2444 S Southridge Road
Delray Beach, FL 33444-8111

**Re:** **In the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida, Case No. 99-7798 AJ, Nationsbank, N.A. vs. William E. Gerald, individually , and as Trustee of the Wisteria Branch, Inc.; Judgment in the original amount of $79,377.76 dated 2/2/01;  $89,229.30 outstanding as of 4/4/02.**

Dear Mr.Gerald, Jr.,

Reference is hereby made to the Judgment described above (the "Judgment") and to the accompanying loan documents executed and delivered in conjunction with the loan transaction by you as Borrower or Guarantor.

On October 3, 2001, the Judgment and accompanying loan documents were purchased by Premier Capital, LLC., (the "Obligee") pursuant to a Loan Sale Agreement with Bank of America, N.A., successor in interest to Nationsbank, N.A.

We are hereby notifying you that interest and principal have not been paid on the Judgment, when and as due in accordance with its terms.  Accordingly we are considering this continued non-payment an act of **DEFAULT** under the Judgment and therefore are making **DEMAND** for prompt and full payment within thirty (30) days of all overdue amounts under the Note.

## OFFER OF SETTLEMENT

In order to resolve this matter quickly, without our company incurring additional cost, we are willing to accept either:  **1) a greatly reduced payment of $20,000.00 or 2) a one time payment of $1,000.00 and a Settlement Note for $35,000.00, which shall bear interest at an annual rate of 10%, compounded daily.  Payments on the Settlement Note shall be in equal, timely, monthly installments of $850.00 each for the next 52 months.**

Failure to resolve this matter quickly means that interest charges and reasonable costs of collection continue to mount on your account.  In addition, further efforts on our part increase our costs and prevent us from settling this matter for this reduced amount.

---

**226 Lowell Street • Wilmington, Massachusetts, 01887 • Phone (617) 753-6200 • Facsimile (617) 753-6201**

LKEP  00311

Premier Capital, Inc.
Page: 2
April 4, 2002

Please respond promptly. If we do not hear from you within thirty days from the date of this letter, we shall have no choice but to take such actions as may be appropriate under the law to enforce our rights and pursue our remedies against you.

We hereby reserve all of our rights and remedies contained in or relating to the Judgment, Note and such other agreements and instruments ancillary thereto and advise you that all further costs, charges and expenses incurred by us, including reasonable attorneys' fees, in connection with the enforcement of the obligations and in connection with the exercise of our rights and remedies, together with interest thereof, shall be secured by the mortgage, if any, and shall become additional indebtedness owed by you to us.

Our reference in this letter to certain conditions, breaches and defaults is not intended as a waiver of any others. You should be aware that any failure or delay on our part to exercise any right, remedy, power or privilege under any of the agreements and instruments referenced to above, or provided by statute or at law or in equity, or otherwise, is not intended and shall not impair or operate as a waiver of any such right, remedy, power or privilege or be construed as a waiver of any default or as an acquiescence therein. To the extent that the Loan Documents do not require formal written notice of default, we, by giving this notice to you, are not required to provide you with any further notice of these or other defaults.

You are to direct all payments to the attention of the undersigned at Premier Capital, LLC 226 Lowell Street Wilmington, MA 01887, with regard to the repayment of the Judgment Obligation. Your immediate attention to this matter is strongly recommended. Time is of the essence.

**This letter is an attempt to collect a debt and any information obtained will be used for that purpose.**


Sincerely,


Nick J. Maimonis

Encl.

**PLEASE SEE YOUR RIGHTS UNDER THE DEBT COLLECTION PRACTICES ACT ATTACHED TO THIS LETTER AND MADE A PART HEREOF.**

LKEP  00312

# *Premier Capital LLC*

April 17, 2002

Mr. Carmine Brancaccio
260 Richards Road
Melbourne Beach, FL 32951-3059

Re:  **Barnett Bank, Account No. 3769770, vs. Carmine Brancaccio d/b/a Golden razor Barber Salon, in the Circuit Court of the 11th Judicial Circuit, in and for Dade County, Florida, Case No. 87-23938 (03);  Judgment in the original amount of $ 9,752.68, dated 8/8/87; $24,127.86 outstanding as of 4/17/02.**

Dear Mr. Brancaccio,

Pursuant to our discussion the other evening, I spoke with attorney Robert Dunn.  In so doing, it was confirmed that the Judgment matter that you are paying him $50.00 per month on is a different Judgment than the one Premier Capital, LLC, now owns,  which is referenced above.

As such, we are hereby extending our 10/31/01 offer to settle this matter for $4,000.00, until 4/30/02.  Failure to accept and act on this offer will make it null and void, whereby we may pursue further legal action against you to collect this outstanding Judgment.

Please take this matter seriously and take advantage of this very gratuitous offer.  Time is of the essence.

Sincerely,

Nick J. Maimonis

LKEP 00169

# *Premier Capital, LLC.*

May 9, 2002

Certified Mail Receipt No. 7099 3400 8708 4969
Return Receipt Requested
And First Class Mail

Michael B. Mangue
8941 SW 142nd Aavenue, Apt 2
Miami, FL 331869

Re: In the Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida, Case
No. 99-27696 CA 22, Nationsbank, N.A., Plaintiff, vs. Michael Man-Gue, individually
and as Trustee of The Supernet Online, Inc., Defendant(s); Judgment in the original
amount of $44,349.96, dated 12/19/00;  $50,777.67 outstanding as of 5/9/02..

Dear Mr. Mangue,

Reference is hereby made to the Judgment described above (the "Judgment") and to the
accompanying loan documents executed and delivered in conjunction with the loan
transaction by you as Borrower or Guarantor.

On October 3, 2001, the Judgment and accompanying loan documents were Purchased by
Premier Capital, LLC., (the "Obligee") pursuant to a Loan Sale Agreement with Bank of
America, successor in interest to Nationsbank, N.A.

We hereby notify you that interest and principal have not been paid on this Judgment,
when and as due in accordance with its terms.  Accordingly, we are considering this
continued non payment an act of **DEFAULT** under the Judgment and therefore make
**DEMAND** for the prompt and full payment, within thirty (30) days, of all past due
amounts, referenced above, under the Judgment.

## OFFER OF SETTLEMENT

In order to resolve this matter quickly, without our company incurring additional costs,
we are willing to accept either: 1.) a greatly reduced payment of $12,000.00, or 2.) a one
time payment of $750.00 and a Settlement Note for $28,000.00, which shall bear interest
at an annual rate of 10%, compounded daily.  Payments on the Settlement Note shall be
in equal, timely, monthly intsallments of $550.00 each for the next 68 months.

Failure to resolve this matter quickly means that interest charges and reasonable costs of
collection continue to mount on your account.  In addition, further efforts on our part
increase our costs and prevent us from settling thios matter for thjis reduced amount.

LKEP  00475

Premier Capital, LLC.
Page: 2
May 9, 2002

Please respond promptly. If we do not hear from you within thirty (30) days from the date of this letter, we shall have no choice but to take such action as may be appropriate under the law to enforce our rights and pursue remedies against you.

We hereby reserve all of our rights and other agreements and instruments ancillary thereto and advise you that all further costs, charges and expenses incurred by us, including reasonable attorney's fees, in connection with the enforcement of this obligation and in connection with the exercise of our rights and remedies, together with interest thereof, shall be secured by the mortgage, if any, and shall become additional indebtedness owed by you to us.

Our reference in this letter to certain conditions, breaches and defaults is not intended as a waiver of any others. You should be aware that any failure or delay on our part to exercise any right, remedy, power or priviledge under any of the agreements and instruments referenced to above, or provided by statute or at law or in equity, or otherwise, is not intended and shall not impair or operate as a waiver of any such right, remedy, power or priviledge or be construed as a waiver of any default or as an acquiescence therein.

You are to direct all payments to the attention of the undersigned at Premier Capital, Inc. 226 Lowell Street Wilmington, MA 01887, with regard to the repayment of this Judgment obligation.

Your immediate attention to this matter is strongly recommended. Time is of the essence.

**THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Sincerely,

Nick J. Maimonis

Encl.

**PLEASE SEE YOUR RIGHTS UNDER THE DEBT COLLECTION PRACTICES ACT ATTACHED TO THIS LETTER AND MADE A PART HEREOF.**

LKEP 00476